OPINION OF THE COURT
Gerard E. Delaney, J.
Plaintiffs, Dennis Cristiano, a police officer, and his wife, Patricia, have commenced an action for compensatory and punitive damages for injuries resulting from Mr. Cristiano’s gunshot wounds which were inflicted by defendant during a disturbance at defendant’s home.
*792 Defendant, Nicholas Marinaccio, has moved for summary judgment dismissing plaintiffs’ complaint based on a common-law "Fireman’s Rule”. Plaintiffs request that defendant’s motion be denied and that the court grant plaintiffs’ cross motion for summary judgment for defendant’s intentionally wrongful conduct.
On May 22, 1988, Police Officer Cristiano of the Tuckahoe Police Department was called to the residence of Nicholas Marinaccio to assist other police officers in quelling a disturbance. During the course of this altercation, defendant discharged a revolver and shot plaintiff in the face and arm. Defendant was tried and convicted of violation of Penal Law §§ 125.27, 265.09, 265.03 (indictment No. 725/88, convicted Feb. 23, 1989). Police Officer Cristiano is seeking damages for permanent injuries and his wife claims loss of services and consortium of her husband. The facts of the case are not in dispute.
Defendant contends that the "Fireman’s Rule” as articulated by the New York Court of Appeals in Santangelo v State of New York (71 NY2d 393) bars this action by a police officer for damages for injuries sustained while on duty even if the injuries were intentionally inflicted. This court disagrees.
The "Fireman’s Rule” found its origin in Gibson v Leonard (143 111 182, 32 NE 182 [1892]). There, the court analyzed the issue of liability on the basis of the status of the entrant on the property of another as invitee, licensee, or trespasser. The court determined that the plaintiff fireman was a licensee and, therefore, the property owner only owed him a duty to avoid willful, wanton or intentional injuries.
Firemen as a group did not strictly satisfy the category of licensee since they did not enter the land by permission, but by right. Therefore, more recent decisions have supported the rule on the basis of assumption of risk or public policy. In Krauth v Geller (31 NJ 270, 157 A2d 129 [I960]), the court stated that it was the fireman’s job to deal with the hazards of fire and the homeowner owed no duty to exercise care to the fireman. Since most fires were caused by negligence, it would be too burdensome to charge all who carelessly caused fires with the injuries suffered by the expert paid with public funds to deal with the very situation. The court said that the fireman is compensated by the public for this inevitable risk.
California also premised its Fireman’s Rule on assumption of risk and public policy. In Walters v Sloan (20 Cal 3d 199, *793 142 Cal Rptr 152, 155, 571 P2d 609, 611 [1977]), the court said that "one who has knowingly and voluntarily confronted a hazard cannot recover for injuries sustained thereby.”
While a minority of States such as Texas, Massachusetts, Pennsylvania and Washington have not adopted the Fireman’s Rule, Oregon is the first State to abolish it. The Oregon Supreme Court in Christensen v Murphy (296 Ore 610, 678 P2d 1210 [1984]) examined whether public policy alone could support the rule, since the State Legislature had abolished the doctrine of implied assumption of risk. The court decided that the notion that the rule encouraged the public to call for professional help was ridiculous and that the avoidance of litigation was an insufficient reason to deny substantive liability.
Although case law generally bars public safety officers from bringing suit for negligence, the trend is to allow actions for wanton, willful or intentional misconduct. In Mahoney v Cams Chem. Co. (102 NJ 564, 510 A2d 4 [1986]), the New Jersey Supreme Court held that wanton and willful conduct is an exception to the immunity offered by the Fireman’s Rule. The court said that wanton and willful conduct has been defined as an intentional act performed with knowledge of a high degree of probability of harm with reckless indifference to the consequences. The court recognized the injustice of allowing culpable behavior to go unpunished.
This court concludes that sound public policy supports allowing police officers injured in the performance of their duty a cause of action against those who intentionally assault them. "Can it be seriously suggested that the civil law ought not to recognize the possibility that police officers can ever be the victims of wrongful conduct?” (Bates v Mc Keon, 650 F Supp 476, 481 [Conn 1986].) The Bates court supports the strong dissent in Lenthall v Maxwell (138 Cal App 3d 716, 188 Cal Rptr 260 [1982]) that there is no reason in law or policy for recovery to be barred by the Fireman’s Rule against an intentional tort-feasor. Today, police counterclaims for intentional assault are brought as a matter of course in New York City and arrangements for formalizing this procedure have been made by the city’s Corporation Counsel. (See, Smith v City of New York, 611 F Supp 1080 [SD NY 1985].)
Santangelo v State of New York (71 NY2d 393, supra), cited by defendant, is not dispositive because that case prohibits recovery for damages for negligence, but does not reach the *794 issue of nor examine claims for intentional torts. The "Fireman’s Rule” should not be a shield for the intentional tortfeasor.
It is a basic principle of the law of torts that one who intentionally injures another is subject to liability for that injury. It is unreasonable to expect that public policy would exclude public safety officers from that general rule. It is apparent that the New York Legislature considered this when it enacted General Municipal Law § 205-a, which ameliorated the harsh results of the "Fireman’s Rule”. The statute allows a right of action to injured firemen in the event that the accident causing injury was the result of neglect, omission, willful or culpable negligence of any person who failed to comply with a Federal, State or local statute, ordinance or rule. This same right was extended to police officers under General Municipal Law § 205-e. It would be illogical to conclude that public policy would allow suit for a negligent act and not an intentional act as well.
Therefore, defendant’s motion for summary judgment is denied.
Plaintiffs’ cross motion for summary judgment on liability is granted and further proceedings for determination of the damages are ordered. Plaintiff may calendar an inquest on notice to defendant by contacting the clerk of this court, Mr. Richard Rabuazzo, at (914) 285-4804 and arranging for such a hearing.
Judgment for plaintiffs accordingly.