■ JAMES P. O'SULLIVAN et al., Appellants, v FISCHO ENTERTAINMENT CORP. et al., Respondents.—In an action to recover damages for personal injuries, etc., based on negligence, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Copertino, J.), dated September 8, 1989, which granted the separate motions of the defendants for summary judgment dismissing the complaint insofar as it is asserted against each of them (O'Sullivan v Fischo Entertainment Corp., 145 Misc 2d 401).

Ordered that the order is modified, by deleting therefrom the provision granting the motion of the defendant Fischo Entertainment Corp. for summary judgment dismissing the complaint insofar as it is asseted against it and substituting therefor a provision denying that motion; as so modified, the order is affirmed, without costs or disbursements, and the action against the defendant Schwicke is severed.

The plaintiff James P. O'Sullivan, a Suffolk County police officer, allegedly was injured in the line of duty when he responded to an altercation at a night club owned and operated by the defendant Fischo Entertainment Corp. (hereinafter Fischo). He was allegedly negligently pushed or struck by the defendant Schwicke, a patron of the establishment who purportedly was intoxicated. James P. O'Sullivan and his wife thereafter commenced this action sounding in common-law negligence and a violation of the Dram Shop Act (General Obligations Law § 11-101). The defendants separately moved for summary judgment on the ground that the respective claims against them were barred by the decision in Santangelo v State of New York (71 NY2d 393). The plaintiffs opposed the motions, noting that the Santangelo rule, which generally precludes recovery by police officers for injuries sustained in the line of duty, had been changed by the 1989 enactment of General Municipal Law § 205-e, which permits such recovery, inter alia, for injuries that result from "any neglect, omission, willful or culpable negligence of any person or persons in

failing to comply with the requirements of any * * * statutes". The defendants replied that General Municipal Law § 205-e is to be applied prospectively and therefore could not be invoked to save the plaintiffs' action. The Supreme Court agreed with the defendants, declined to apply the statute retroactively, and granted the motion and cross motion for summary judgment dismissing the complaint.

During the pendency of the instant appeal, the Legislature amended General Municipal Law § 205-e to apply its provisions retroactively, *inter alia*, to actions which were pending on or after January 1, 1987 *(see,* L 1990, ch 762, § 1). Accordingly, inasmuch as the plaintiffs' claim that the Dram Shop Act was violated by the defendant Fischo concerns a statutory violation *(see,* General Obligations Law § 11-101; Alcoholic Beverage Control Law § 65) and was pending during the period in which General Municipal Law § 205-e is to be retroactively applied *(see, Campbell v Lorenzo's Pizza Parlor,* 172 AD2d 478), Fischo's motion for summary judgment must be denied and the complaint reinstated against it. However, the plaintiffs' common-law negligence claim against Schwicke is not encompassed by General Municipal Law § 205-e, as it involves a line-of-duty injury which was not occasioned by any statutory violation committed by Schwicke. Accordingly, it is barred by the *Santangelo* rule *(see, Campbell v Lorenzo's Pizza Parlor, supra),* and Schwicke's motion for summary judgment was properly granted. Mangano, P. J., Brown, Sullivan, Harwood and Miller, JJ., concur.