[600 NYS2d 988]

LISA J. PHALEN, Appellant, v THOMAS H. KANE et al., Respondents.

Fourth Department, July 16, 1993

### APPEARANCES OF COUNSEL

*Andre R. Sobolevsky,* Syracuse, for appellant.

*John M. Murphy, Jr.,* Syracuse *(Michael Harris* of counsel), for respondents.

### OPINION OF THE COURT

BALIO, J.

This appeal presents two issues for this Court's consideration: (1) whether the common-law "fireman's rule" or "firefighter's rule" precludes a police officer from recovering damages for an assault and battery inflicted upon her during the performance of her duties; and (2) whether plaintiff has a cause of action for wanton or willful misconduct pursuant to General Municipal Law § 205-e.

### I

We assume, for purposes of deciding this appeal, the truth of the factual allegations asserted by plaintiff in her complaint and papers submitted in opposition to the motion to dismiss.

On April 12, 1988, plaintiff, a Syracuse police officer, ticketed defendant Kane's vehicle for a parking violation. Upon discovering that 19 outstanding and unpaid traffic violations existed for that vehicle, plaintiff called for a tow truck to impound the vehicle. Defendant then appeared at the scene, and after a verbal argument with plaintiff, tried to drive his vehicle from the area. As he entered the vehicle, defendant pushed plaintiff away. Plaintiff then reached into the car in an effort to prevent defendant from inserting a key in the ignition, and defendant slammed the door on her several times. Defendant then started to drive the car while holding plaintiff's arm, forcing plaintiff to run with the car until she

could break free. Defendant drove from the scene. Plaintiff, in her police vehicle, pursued and eventually pulled defendant's vehicle to the side of the street. Defendant then exited his vehicle and twice pushed plaintiff, at which point plaintiff drew her service revolver and arrested defendant.

The complaint asserts causes of action for common-law negligence, assault and battery, and for defendant's "negligent and careless acts [that] intentionally, willfully, wantonly and maliciously caused personal injury". On this appeal, plaintiff contends that Supreme Court erred in dismissing the causes of action for assault and battery and for wanton or willful misconduct.

## II

■ Supreme Court erred by dismissing the assault and battery cause of action. "It is a long-standing common-law rule that firefighters injured while extinguishing fires generally cannot recover against the property owners or occupants whose negligence in maintaining the premises occasioned the fires" *(Santangelo v State of New York,* 71 NY2d 393, 396; *see also, Kenavan v City of New York,* 70 NY2d 558). The "fireman's rule" has been expanded to preclude police officers from recovering damages "for negligence in the very situations that create the occasion for their services" *(Santangelo v State of New York, supra,* at 397; *see also, Cooper v City of New York,* 81 NY2d 584). In our view and consistent with the view adopted by nearly all other jurisdictions,* however, the "fireman's rule" should not be expanded in New York to

---

* *See, Alvarado v United States,* 798 F Supp 84, 87 (applying Puerto Rico law); *Bates v McKeon,* 650 F Supp 476, 480-481 (applying exception for intentional torts to Connecticut law); *Grable v Varela,* 115 Ariz 222, 564 P2d 911 (Ct App); *Fox v Hawkins,* 594 NE2d 493, 498 (Ind App); *Kennedy v Tri-City Comprehensive Community Mental Health Ctr.,* 590 NE2d 140, 144 (Ind App); *Pottebaum v Hinds,* 347 NW2d 642, 646 (Iowa); *Flowers v Rock Cr. Terrace Ltd. Partnership,* 308 Md 432, 520 A2d 361; *Wilde v Gilland,* 189 Mich App 553, 473 NW2d 718; *McAtee v Guthrie,* 182 Mich App 215, 451 NW2d 551, *lv denied* 435 Mich 878; *Rozenboom v Proper,* 177 Mich App 49, 441 NW2d 11, *lv denied* 433 Mich 913; *Lang v Glusica,* 393 NW2d 181 (Minn); *Woodland Mut. Fire Ins. Co. v Palmi,* 366 NW2d 125 (Minn App); *Lambert v Schaefer,* 839 SW2d 27 (Mo App); *Migdal v Stamp,* 132 NH 171, 564 A2d 826; *Mahoney v Carus Chem. Co.,* 102 NJ 564, 510 A2d 4; *Berko v Freda,* 93 NJ 81, 459 A2d 663; *Ballou v Nelson,* 67 Wash App 67, 834 P2d 97; *contra, see, Young v Sherwin-Williams Co.,* 569 A2d 1173 (DC App).

California bars recovery for intentional conduct the officer reasonably should have anticipated in responding to duty *(see, Lenthall v Maxwell,* 138 Cal App 3d 716, 188 Cal Rptr 260, 30 ALR4th 73), but permits recovery

preclude police officers from recovering damages resulting from intentional misconduct *(see, Cristiano v Marinaccio,* 145 Misc 2d 791).

In *Cooper v City of New York (supra)* the Court of Appeals declined to recognize an exception to the "firefighter's rule" for negligent acts that are separate and apart from the act that occasioned the need for the officer. The Court observed that "the determinative factor is whether the injury sustained is related to the particular dangers which police officers are expected to assume as part of their duties" *(Cooper v City of New York, supra,* at 590). "What matters is the connection between plaintiff's injury and the special hazard that plaintiff assumed as part of her police duties" *(Cooper v City of New York, supra,* at 591). Because the danger of an automobile collision is one of the hazards that an officer assumes as part of her duties, the Court of Appeals concluded that the "firefighter's rule" precluded recovery for injuries sustained by plaintiff while responding to an emergency call for assistance *(Cooper v City of New York, supra).*

Police officers also assume the risk that, in certain encounters with law violators, they may be the victims of an assault and battery. We perceive no sound basis in public policy, however, to immunize the intentional tortfeasor from civil suits brought by police officers or firefighters *(see, Cristiano v Marinaccio,* 145 Misc 2d 791, *supra; Bates v McKeon,* 650 F Supp 476, 481, *supra; Berko v Freda,* 93 NJ 81, 459 A2d 663, *supra; cf., Krueger v City of Anaheim,* 130 Cal App 3d 166, 181 Cal Rptr 631; *see also,* Riley, *The Fireman's Rule: Defining Its Scope Using the Cost-Spreading Rationale,* 71 Cal L Rev 218 [1983]). Thus, the cause of action for assault and battery should be reinstated.

## III

■ We further conclude that plaintiff should be permitted to plead a cause of action predicated upon defendant's willful failure to comply with statutory law proscribing resistance to arrest and obstruction of governmental operations.

Subsequent to the altercation between plaintiff and defendant, the Legislature enacted General Municipal Law § 205-e

where the intentional act occurs after the defendant is aware of the presence of the officer *(see, Gibb v Stetson,* 199 Cal App 3d 1008, 1014-1015, 245 Cal Rptr 283, 286).

(L 1989, ch 346), which essentially created an exception to the "firefighter's rule" by permitting police officers to sue for injuries sustained in the performance of their duties that were caused by a property owner's failure to comply with statutes, ordinances and regulations regarding the maintenance and safety of premises *(cf., Ruotolo v State of New York,* 187 AD2d 160, *lv granted* 192 AD2d 1143; *Wawrzyniak v Sherk,* 170 AD2d 972). In 1992, however, the Legislature expressly declared that the liability imposed by that amendment "should not be limited to violations pertaining to the safe maintenance and control of premises" (L 1992, ch 474, § 1), thereby effectively broadening the scope of liability to encompass injuries resulting from "any neglect, omission, willful or culpable negligence * * * in failing to comply with the requirements of *any* of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments" and their employees (General Municipal Law § 205-e [1]; emphasis added) *(see, Costantini v Benedetto,* 190 AD2d 890 [violation of Vehicle and Traffic Law]; *Ruotolo v State of New York, supra,* at 166 [failure to comply with regulations and requirements for revocation of parole]). The Legislature also provided for the revival of all actions pending on or after January 1, 1987 or that would have been actionable on or after that date had the section, as amended in 1992, been in effect, provided that an action is commenced before June 30, 1993 *(see,* General Municipal Law § 205-e [2]).

Plaintiff has set forth facts sufficient to support a cause of action pursuant to General Municipal Law § 205-e, as amended. Thus, the order should be modified to grant plaintiff's request for leave to amend the complaint to plead that cause of action *(see, Costantini v Benedetto, supra; Ruotolo v State of New York, supra).*

## IV

Plaintiff has not challenged Supreme Court's dismissal of her common-law negligence cause of action, and defendants have not appealed from that portion of the order granting plaintiff permission to replead a negligence cause of action. Thus, we have not considered any issue regarding that cause of action.

Accordingly, the order should be modified by reinstating the cause of action for assault and battery and by permitting

plaintiff to amend her complaint to plead a cause of action for wanton or willful misconduct pursuant to General Municipal Law § 205-e, as amended.

CALLAHAN, J. P., DOERR, BOOMER and BOEHM, JJ., concur.

Order unanimously modified, on the law, and as modified, affirmed, with costs to plaintiff in accordance with the opinion by BALIO, J.