■ ROY MALSKY, Respondent, v KRISTINE TOWNER et al., Appellants. [601 NYS2d 310] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Baisley, J.), entered March 11, 1991, which granted the plaintiff's motion for renewal, and, upon renewal, denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On July 27, 1989, the plaintiff, a police officer, was on duty when he received a complaint from a female pedestrian that she had almost been hit by a car in a parking lot. Upon investigation, the plaintiff reportedly saw the defendants' car, which matched the car described by the pedestrian, and noticed that it was being operated erratically. The plaintiff attempted to stop the car by approaching it and waving his hands. According to the plaintiff, the car then backed up and struck his leg. The plaintiff subsequently issued the driver one ticket for "failing to comply" and another for driving while intoxicated. Thereafter, the plaintiff commenced this negligence action against the driver and the owner of the vehicle. On appeal, the defendants contend that the court should have granted them summary judgment dismissing the complaint on the ground that the "fireman's rule" precludes the plaintiff's action. We disagree.

General Municipal Law § 205-e (1), as recently amended, provides that police officers may recover damages when they are injured "at any time or place" due to a person's failure to comply with "the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments". This amendment, which may be applied retroactively (see, Santangelo v State of New York, 193 AD2d 25 [decided herewith]), overruled prior cases holding that officers could only recover for line-of-duty injuries when they resulted from violations of laws or regulations which concerned the safety of premises (see, Ruotolo v State of New York, 187 AD2d 160). Thus, it is now clear that police officers such as the plaintiff here may recover for injuries resulting from violations of the Vehicle and Traffic Law or the Penal Law (see, Costantini v Benedetto, 190 AD2d 888; accord, Vertucci v Diaz, 192 AD2d 703). Because a question of fact exists as to whether the defendant driver violated the Vehicle and Traffic Law, the court properly denied the defendants' motion for summary judgment. Mangano, P. J., Thompson, Balletta and Lawrence, JJ., concur.