■ THOMAS MURPHY, Also Known as THOMAS P. MURPHY, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendants. [608 NYS2d 513] —In a negligence action to recover damages for personal injuries, the defendant City of New York appeals from a judgment of the Supreme Court, Kings County (Monteleone, J.), entered April 5, 1991, which, after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $250,000.

Ordered that the judgment is reversed, on the law, with costs, and the action is dismissed.

The plaintiff, a police officer at the time of the accident, was injured when the patrol car in which he was a passenger crashed while responding to an emergency call. The Supreme Court, after a nonjury trial, awarded the plaintiff damages on the basis of two theories: common law negligence and General Municipal Law § 205-e. We now reverse.

It is well settled that, generally, a police officer may not recover damages in negligence for injuries arising in the very situations that create the occasion for his or her special services (see, Cooper v City of New York, 81 NY2d 584; Santangelo v State of New York, 71 NY2d 393; O'Sullivan v Fischo Entertainment Corp., 173 AD2d 804; Magness v Glandorf, 171 AD2d 652). Here, the injuries complained of fall squarely within this general rule (see, Cooper v City of New York, 81 NY2d 584). Thus, the plaintiff's cause of action sounding in common law negligence is foreclosed.

Moreover, although recent developments concerning General Municipal Law § 205-e might render it applicable to the injuries at bar (see, e.g., Malsky v Towner, 196 AD2d 532; Costantini v Benedetto, 190 AD2d 888; O'Sullivan v Fischo Entertainment Corp., 173 AD2d 804, supra; Campbell v Lorenzo's Pizza Parlor, 172 AD2d 478), this theory was not pleaded nor was any proof offered at the trial with respect thereto.

In view of the foregoing, the issue of whether the defendant City of New York is vicariously liable for the fault of the police officer who was driving the patrol car when it crashed is academic.

This resolution of the issues renders the parties' remaining arguments academic. Mangano, P. J., Pizzuto, Altman and Krausman, JJ., concur.