## SECOND DEPARTMENT, AUGUST, 1994

### (August 1, 1994)

■ SALVATORE BAIAMONTE, Respondent, v JOHN BUONGIOVANNI, Appellant. [615 NYS2d 415] —In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Underwood, Jr., J.), dated October 7, 1992, as denied that branch of his motion which was to dismiss the plaintiff's second cause of action to recover damages under General Municipal Law § 205-e.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

On July 30, 1989, the defendant, while in the custody of the Suffolk County Police Department, was taken to a room in the Fifth Precinct to be photographed and fingerprinted. While there, the defendant attempted to escape from custody and was pursued by, among others, the plaintiff. The plaintiff was allegedly injured during that pursuit. The plaintiff then commenced this action to recover damages for injuries caused by the defendant's attempt to escape. The plaintiff asserted two causes of action, the first sounding in common-law negligence, and the second seeking damages pursuant to General Municipal Law § 205-e.

On the defendant's motion to dismiss the plaintiff's action, the court granted that branch of the motion which was to dismiss the plaintiff's cause of action sounding in common-law negligence, but denied that branch of the motion which was to dismiss the plaintiff's cause of action under General Municipal Law § 205-e, finding that the plaintiff had shown a sufficient nexus between his injuries and the alleged statutory violations. On appeal, the defendant contends that General Municipal Law § 205-e was never intended to cover injuries caused to a police officer in the pursuit of a prisoner and, therefore, the court should have dismissed the plaintiff's action in its entirety. We disagree.

General Municipal Law § 205-e now provides that police officers may recover damages when "at any time or place" during the performance or discharge of their duties, they are injured because of a person's failure to comply with "the requirements", *inter alia,* of any State Statute. General Municipal Law § 205-e contains no language providing for the exclusion urged by the defendant, and we see no reason to adopt such an interpretation. We therefore reject the defendant's contention that a police officer may not properly recover under General Municipal Law § 205-e for injuries resulting from the violations of the Penal Law alleged by the plaintiff *(see, Matter of Worldwide Ins. Group v Wing,* 202 AD2d 682; *Malsky v Towner,* 196 AD2d 532; *Phalen v Kane,* 192 AD2d 186).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Balletta, Krausman and Florio, JJ., concur.