■ LINDA SLEDGE, Individually and as Administratrix of the Estate of CECIL SLEDGE, Deceased, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [616 NYS2d 209] —In a negligence action to recover damages for personal injuries and wrongful death, the plaintiff appeals an order of the Supreme Court, Kings County (Hutcherson, J.), dated March 25, 1992, which granted the motion by the defendant City of New York to dismiss the complaint insofar as it is asserted against it for failure to state a cause of action under General Municipal Law § 205-e.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

We find that the plaintiff's complaint states a cause of action based on General Municipal Law § 205-e (1). That statute, as amended in 1992 (L 1992, ch 474), provides that damages may be recovered when a police officer is injured "at any time or place" due to a person's failure to comply with, inter alia, a statute, rule, order or requirement of any department of a city government. The amendment overruled prior cases which held that the laws or regulations violated must concern the maintenance or safety of premises (see, Malsky v Towner, 196 AD2d 532). Since this amendment is to be applied retroactively (see, Malsky v Towner, supra, at 532; see also, Santangelo v State of New York, 193 AD2d 25), the allegations in the complaint are sufficient to state a cause of action under the statute. Lawrence, J. P., O'Brien, Copertino and Friedmann, JJ., concur.