■ HOWARD DESMOND, Respondent-Appellant, v CITY OF NEW YORK, Appellant-Respondent. [631 NYS2d 368] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (G. Aronin, J.), entered August 2, 1993, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $200,000, and the plaintiff cross-appeals from the same judgment on the ground of inadequacy.

Ordered that the cross appeal is dismissed, for failure to perfect the same in accordance with the rules of this Court *(see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent-appellant is awarded one bill of costs.

The plaintiff, a New York City Police Officer, was injured when the patrol car in which he was a passenger collided with a vehicle being pursued in a high-speed automobile chase. Thereafter, the plaintiff brought this action to recover damages under General Municipal Law § 205-e, alleging that the pursuit was commenced and continued in violation of New York City Police Department's Chief of Operations Memo No.

3, which sets forth the department's procedures relating to vehicle pursuit.

The defendant's contention that a violation of a New York City Police Department procedure cannot serve as a predicate for a claim pursuant to General Municipal Law § 205-e is without merit *(see, Galapo v City of New York,* 219 AD2d 581 [decided herewith]; *Martelli v City of New York,* 219 AD2d 586 [decided herewith]).

Here, there was a question of fact as to whether the conduct of the officer who was operating the patrol car when it crashed was " 'outside the realm of acceptable police practice' *(Velez v City of New York,* 157 AD2d 370, 373, *lv denied* 76 NY2d 715) and not subject to discretion" *(Rodriguez v City of New York,* 189 AD2d 166, 178). Accordingly, it was proper to allow the jury to determine whether the commencement and continuation of the high-speed car chase by the patrol-car operator was in violation of the procedures set forth in the Chief of Operations Memo No. 3 with respect to vehicle pursuits, and whether such violation, if any, was a the proximate cause of the plaintiff's injuries. Mangano, P. J., Thompson, Joy and Florio, JJ., concur.