■ HELEN GALAPO, Individually and as Administratrix of the ESTATE OF JOE GALAPO, Deceased, et al., Appellants, v CITY OF NEW YORK et al., Respondents. [631 NYS2d 366] —In an action to recover damages for wrongful death, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Garry, J.), dated February 2, 1994, which granted the defendants' motion for summary judgment dismissing the complaint, and denied their cross motion for leave to amend the pleadings to specify the portions of the Penal Law which were allegedly violated by the defendants.

Ordered that the order is reversed, on the law, with costs, the defendants' motion is denied, and the plaintiffs' cross motion is granted.

The plaintiffs, the widow and three infant sons of New York City Police Officer Joe Galapo, commenced this action after Galapo, while in the line of duty, was fatally shot by a bullet discharged from the gun of fellow officer William Martin during a so-called buy-and-bust operation. After the plaintiffs amended the complaint to assert a cause of action pursuant to General Municipal Law § 205-e, the defendants moved for summary judgment, arguing, *inter alia,* that an internal Police Department procedure could not serve as the basis for a claim pursuant to General Municipal Law § 205-e. The plaintiffs cross-moved to amend the complaint to assert violations of the Penal Law.

The Supreme Court erred in concluding that an alleged violation of the New York City Police Department Patrol Guide procedures concerning the use of firearms could not serve as the basis for an action seeking recovery pursuant to General Municipal Law § 205-e *(cf., Sledge v City of New York,* 207 AD2d 338; *Murphy v City of New York,* 202 AD2d 407).

In its present form, General Municipal Law § 205-e provides that police officers may recover damages for injuries sustained in the performance of their duties where such injuries result from the failure of another to comply with "the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments or of any and all their departments, divisions and bureaus". This broad language does not preclude the assertion of a claim based on an alleged violation of an internal police department procedure.

Unquestionably, as the defendants maintain, the procedures set forth in the New York City Police Department Patrol Guide, do, to varying degrees, require the exercise of discretion. General Municipal Law § 205-e does not abrogate the general rule that liability for a fellow police officer's decision will not be imposed "where the * * * conduct involves the exercise of professional judgment such as electing one among many acceptable methods of carrying out tasks, or making tactical decisions that, in retrospect show poor judgment" *(Kenavan v City of New York,* 70 NY2d 558, 569; *see also, McCormack v City of New York,* 80 NY2d 808, 811). Here, however, the question presented is whether the fellow officer's conduct was among the acceptable methods of employing deadly force in the apprehension of the suspects. Accordingly, there exist tri-

able issues of fact with respect to whether Officer Martin's actions were consistent with or in contravention of the procedures relating to use of firearms as set forth in the New York City Police Department Patrol Guide.

Moreover, the statutory cause of action created by General Municipal Law § 205-e extends to injuries resulting from violations of the the Penal Law *(see, Baiamonte v Buongiovanni, 207 AD2d 324; Malsky v Towner, 196 AD2d 532)*. Accordingly, the Supreme Court erred in concluding that the plaintiffs' proposed amendments to the complaint lacked merit.

The defendants' remaining contentions are without merit. Mangano, P. J., Thompson, Joy and Florio, JJ., concur.