■ MICHAEL MARTELLI et al., Appellants, v CITY OF NEW YORK, Respondent. [631 NYS2d 369] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated December 17, 1992, as denied that branch of their post-trial motion for judgment notwithstanding the verdict, or, in the alternative, a new trial on their cause of action pursuant to General Municipal Law § 205-e.

Ordered that the order is affirmed, insofar as appealed from, with costs.

The plaintiffs' post-trial motion for judgment notwithstanding the verdict or, in the alternative, a new trial, was properly denied. There is plainly a rational view of the trial evidence that supports the jury's verdict (see, Campbell v City of Elmira, 84 NY2d 505; Cohen v Hallmark Cards, 45 NY2d 493). Moreover, the jury's verdict was supported by a fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129).

High-speed auto chases by the police are specifically authorized by the Vehicle and Traffic Law (see, Vehicle and Traffic Law § 1104 [b] [3]), notwithstanding the restrictions set forth in Vehicle and Traffic Law § 1180. Under the circumstances, the jury could have found that the officers' brief pursuit of the fleeing vehicle, after being alerted by a police radio report that

the occupants were robbery suspects who had already eluded another police unit, was in conformity with the procedures for high-speed auto pursuits as set forth in the New York City Police Department Patrol Guide (hereinafter Patrol Guide).

We note that the City's contention that a violation of a Patrol Guide procedure cannot serve as a predicate for a claim pursuant to General Municipal Law § 205-e is without merit *(see, Galapo v City of New York, 219 AD2d 581 [decided herewith]; Desmond v City of New York, 219 AD2d 576 [decided herewith])*. Mangano, P. J., Thompson, Joy and Florio, JJ., concur.