■ DAVID CARLSON et al., Respondents, v CITY OF TONAWANDA et al., Appellants. (Appeal No. 1.) [635 NYS2d 365] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In 1989 Randolph Manzella shot Erie County Sheriff's Deputies David Carlson and William M. Dillemuth as they arrived at Manzella's home to arrest Manzella pursuant to a bench warrant. Manzella injured Carlson and killed Dillemuth. Carlson and his wife, and William M. Dillemuth, Jr., individu-

ally and as administrator of his father's estate, commenced actions against the City of Tonawanda (City) and Detective David F. Bentley, who allegedly physically and mentally coerced and abused Manzella into an emotional fury so that he shot Carlson and Dillemuth to avoid arrest. Dillemuth, Jr., also sued the City of Tonawanda Police Department.

Supreme Court erred in denying defendants' motions to dismiss pursuant to CPLR 3211 (a) (7) with respect to the common-law negligence claims. Those claims are barred by the firefighter's rule, which "precludes firefighters and a police officer from recovering damages for injuries caused by 'negligence in the very situations that create the occasion for their services' " *(Zanghi v Niagara Frontier Transp. Commn.,* 85 NY2d 423, 438, quoting *Santangelo v State of New York,* 71 NY2d 393, 397). The risk of injury when arresting a suspect is a risk inherent in the performance of a police officer's duties, and thus, a police officer may not recover in negligence for injuries inflicted by the suspect *(see, Zanghi v Niagara Frontier Transp. Commn., supra,* at 438-440). Contrary to the contention of Dillemuth, Jr., the relevant inquiry is whether the police officer assumed the risk of injury in the line of duty, not whether he assumed the risk of the alleged negligent misconduct of his fellow officer that gave rise to the injury *(see, Cooper v City of New York,* 81 NY2d 584, 591-592).

We further conclude that the court properly refused to dismiss the General Municipal Law § 205-e claims, which allege violations of the Penal Law and the Police Department's rules and regulations. Contrary to defendants' contention, the alleged violations of the Penal Law by a fellow officer " 'create hazards additional to those that [police officers] already face in their profession' " *(Zanghi v Niagara Frontier Transp. Commn., supra,* at 443, quoting *Kenavan v City of New York,* 70 NY2d 558, 567). In addition, the alleged violation of the Police Department's rules and regulations could support a General Municipal Law § 205-e claim *(see, Ruotolo v State of New York,* 83 NY2d 248; *Desmond v City of New York,* 219 AD2d 576; *Galapo v City of New York,* 219 AD2d 581; *Martelli v City of New York,* 219 AD2d 586). Defendants further contend that the complaint in the Dillemuth action fails to state a claim under General Municipal Law § 205-e because there is no proof in evidentiary form that the alleged violations of the Penal Law contributed to Dillemuth's death. We disagree. On a motion to dismiss pursuant to CPLR 3211 (a) (7), the test is whether plaintiff has alleged a cognizable cause of action *(Collision Plan Unlimited v Bankers Trust Co.,* 63 NY2d 827, 830, *rearg denied* 64 NY2d 755; Siegel, NY Prac § 265, at 395 [2d ed]).

We modify the orders on appeal, therefore, by dismissing that part of the complaint in each action that asserts a common-law negligence claim. (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wesley, Davis and Boehm, JJ.