■ MICHAEL BALSAMO, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [641 NYS2d 659] —Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered October 15, 1993, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, defendant's motion granted and the complaint dismissed. The clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Plaintiff failed to state a cause of action as to either of his claims. His claim on the theory of common law negligence is precluded because his injury took place in the course of his pursuit of a fleeing suspect; the risk of slipping and falling on a

stairway during the performance of such a routine police function is assumed by plaintiff as part of his duties (*Ruocco v New York City Tr. Auth.*, 85 NY2d 423, 440-441; *see also, St. Jacques v City of New York*, 215 AD2d 75, 81-82, *lv granted* 87 NY2d 806).

Plaintiff's second claim, pursuant to General Municipal Law § 205-e, fails because he is unable to identify any statute, ordinance, rule, or regulation with which defendant failed to comply. Those provisions which plaintiff alleged before the motion court are irrelevant or inapplicable to defendant, or simply restate the common law, and therefore cannot serve as a basis for the cause of action (*St. Jacques v City of New York, supra*).

However on appeal, plaintiff seeks to avoid this pitfall by introducing, for the first time, an "internal rule" allegedly violated by defendant. His argument is that recent decisions, a trilogy of Second Department cases (*Desmond v City of New York*, 219 AD2d 576; *Galapo v City of New York*, 219 AD2d 581; *Martelli v City of New York*, 219 AD2d 586), decided after the decision on appeal, hold that a violation of an internal rule or regulation provides grounds for a claim pursuant to section 205-e.

As a threshold matter, a claim made for the first time on appeal is not properly before this Court and should be precluded from consideration (*Martin v Manhattan & Bronx Surface Tr. Operating Auth.*, 198 AD2d 160). Moreover, the claim is without merit. The alleged "internal rule" is from a document entitled "Engineering Department Guidelines" which is undated; does not appear to ever have been adopted or in effect at the time of plaintiff's injury; does not appear to be intended for application to the stairway in question; and consists of design criteria, which is inconsistent with plaintiff's claim that he was injured due to negligent *maintenance* of the stairs.

In view of the above findings, defendant's remaining contentions need not be addressed. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Williams, JJ.