■ GLENN HEALY, Appellant, v PAUL MOELLER, Respondent. [661 NYS2d 279] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated June 17, 1996, as denied his cross motion to amend the complaint to include a cause of action pursuant to General Municipal Law § 205-e.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's cross motion is granted, and the plaintiff shall serve an amended complaint asserting a cause of action under General Municipal Law § 205-e within 30 days after service upon him of a copy of this decision and order with notice of entry.

The plaintiff police officer, while on duty, alleges that he observed the defendant drive his vehicle onto a sidewalk. The defendant then refused the plaintiff's continuing directions to stop. When the defendant finally stopped, he jumped out of his car and "came up at" the plaintiff, refused to be handcuffed, and struggled with the plaintiff causing him to fall to the ground and be injured. As a result, the defendant was charged with assault in the second degree (Penal Law § 120.05 [3]), resisting arrest (Penal Law § 205.30 [a]), operating a vehicle on a sidewalk (Vehicle and Traffic Law § 1225-a), and failure to obey police officers and flagpersons (Vehicle and Traffic Law § 1102).

The Supreme Court erred in denying the plaintiff's cross motion for leave to amend his complaint to assert a cause of action pursuant to General Municipal Law § 205-e. The alleged statutory violations could properly serve as a predicate for an action pursuant to General Municipal Law § 205-e (see, Malsky v Towner, 196 AD2d 532; Phalen v Kane, 192 AD2d 186; Constantini v Bendetto, 190 AD2d 888; see also, Baiamonte v Buongiovanni, 207 AD2d 324). Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.