■ ROBERT CHURCH, Respondent, et al., Plaintiff, v CITY OF NEW YORK, Appellant, et al., Defendants. [702 NYS2d 274] —Order and judgment (one paper), Supreme Court, New York County (Harold Tompkins, J.), entered July 20, 1998, after bifurcated jury verdicts finding defendant City of New York 100% liable and awarding plaintiff damages, unanimously modified, on the law, the negligence cause of action dismissed, the General Municipal Law § 205-e cause of action remanded for a new trial on liability, and otherwise affirmed, without costs.

A police van driven by a civilian operator, in which plaintiff, a police officer, was a passenger, was transporting prisoners from a precinct to Central Booking when it was hit in the rear by a car driven by defendant Rosado. A police officer witness who also was a passenger indicated that the operator of the police van was rushing because the van lacked air conditioning, the day was hot, and a supervisor had indicated a concern for prisoners passing out. The van was not equipped with emergency lights or a siren, exemptions allowed by Vehicle and Traffic Law § 1104 (c). Police witnesses and defendant Rosado testified that the van's operator had been inattentive to traffic in front of him, and was driving at 35 to 45 miles per hour in a 30-miles-per-hour zone, when he suddenly slammed on his brakes to avoid a car in front, causing him to turn, without signaling, into the next lane of traffic, where the van was hit.

Plaintiff brought a General Municipal Law § 205-e claim against the City predicated on alleged violations of the Vehicle and Traffic Law and a common-law negligence claim predicated on the van operator's negligence in operating the van. As to

General Municipal Law § 205-e, the court charged the jury that liability could be imposed if the police van operator violated certain sections of the Vehicle and Traffic Law and such violation resulted in plaintiff's injuries. The court also charged the jury that the City could be liable in common-law negligence if the operator had negligently operated the van by virtue of Vehicle and Traffic Law violations or by failing to exercise due care and that such negligence proximately caused the injuries. On both theories, the jury found the City liable. The court declined the City's request to instruct the jury that the van was an authorized emergency vehicle engaged in an emergency operation and, as such, would have been entitled to the conditional privilege of Vehicle and Traffic Law § 1104, imposing a "reckless disregard" standard in determining liability.

Vehicle and Traffic Law § 1104 (a) applies to "[t]he driver of an authorized emergency vehicle, when involved in an emergency operation." Insofar as every police vehicle is an authorized emergency vehicle (Vehicle and Traffic Law §§ 101, 132), and the use of an authorized emergency vehicle to transport prisoners is an emergency operation (Vehicle and Traffic Law § 114-b), there being no limiting language in the statute bearing on either definition, the City was entitled to the heightened recklessness standard and the correlating instruction to the jury.

However, the firefighters' rule provides a complete defense to the City for a claim of ordinary negligence under these circumstances, where the injuries arose in connection with performance of plaintiff's duties as a police officer (*Simons v City of New York*, 252 AD2d 451; *Poveromo v Avis Rent-A-Car Sys.*, 242 AD2d 467, *lv denied* 91 NY2d 808). Concur—Tom, J. P., Wallach, Lerner, Saxe and Buckley, JJ.