■  MARK BROCATO et al., Appellants-Respondents, v CITY OF
NEW YORK, Respondent-Appellant, and NEW YORK CITY POLICE
DEPARTMENT et al., Respondents. MARK BROCATO et al.,
Respondents-Appellants, v CITY OF NEW YORK et al.,
Appellants-Respondents. [743 NYS2d 19] —Order, Supreme
Court, New York County (Eileen Bransten, J.), entered
November 18, 1999, which set aside the jury verdict of liability
in this General Municipal Law § 205-e case insofar as it was
based on defendants' violation of New York City Patrol Guide
Regulations § 104-1 and Interim Order 15 (relating to the use
of deadly force), denied that branch of defendants' motion to
set aside the liability verdict as it related to defendant City of
New York's violation of Multiple Dwelling Law § 78, Multiple
Residence Law § 32, and 9 NYCRR 1242.3 (relating to lighting
requirements), denied that branch of defendants' motion to set
aside the damages as excessive, but ordered a new trial on the
issue of damages attributable to the City, and order, same
court and Justice, entered January 26, 2000, which, upon
reconsideration, inter alia, adhered to the prior disposition of
defendants' motion to set aside the verdict, unanimously modi-
fied, on the law and the facts, to vacate the direction that there
be a new trial on damages, and otherwise affirmed, without
costs.

Neither the Departmental Patrol Guide nor the Interim Or-
der can serve as the basis for a claim under General Municipal
Law § 205-e, since neither is a statute, regulation or ordinance
and neither reflects a well-developed body of law, but merely
guidelines, notwithstanding the use of mandatory terms. To
permit either to serve as a predicate for a General Municipal
Law § 205-e action would impose a higher standard of care
than that imposed by law, and thereby serve as a powerful dis-
incentive to promulgation of internal rules (*see, Galapo v City
of New York*, 95 NY2d 568; *Flynn v City of New York*, 258 AD2d
129). Although plaintiff requests that we retrospectively deem
the predicate for his General Municipal Law claim alleging
improper use of deadly force to be Penal Law § 35.30, so as to
avoid the problems raised by his counsel's reliance until now
upon the Patrol Guide and Interim Order, and by this device
reinstate the jury verdict upon his General Municipal Law
claim alleging improper use of deadly force, we may not accede
to this request, raised for the first time on appeal, since the
case was tried to the jury on the basis of the Patrol Guide and
Interim Order, which impose a standard of conduct wholly dif-
ferent from the justification criteria set forth in Penal Law
§ 35.30. In any event, Penal Law § 35.30 does not establish a
standard of care upon which a civil cause of action can be

based, but rather a defense (*see, Brunelle v City of New York*, 269 AD2d 347, 348). With respect to the applicability of *Galapo* (*supra*), because the Court of Appeals in that case merely "settle[d] a question in a manner that was clearly foreshadowed," retroactive application of the case, which was decided after the jury rendered its verdict in the instant case, is appropriate (*see, People v Favor*, 82 NY2d 254, 263).

The evidence was sufficient, and the verdict was not against the weight of the evidence, on the issue of the City's violation of various statutes requiring adequate lighting in buildings it owned and operated and on the issue of the City's notice of the alleged defect. Indeed, plaintiff established, through the testimony of the building superintendent, that defendant City had actual knowledge of a missing light bulb in the hallway where plaintiff was accidentally shot. Upon our review of the trial record, we find no basis to conclude that the introduction of the Patrol Guide and Interim Order tainted the jury on the issue of the City's liability.

In light of the medical testimony and documentary evidence concerning the nature and extent of plaintiff's injuries, the award of $1.5 million for past and future pain and suffering does not deviate materially from what is reasonable compensation. Concur—Nardelli, J.P., Sullivan, Ellerin, Lerner and Rubin, JJ.