■ ELIZABETH M. McCORMICK, Individually and as Executrix of JOHN F. McCORMICK, Deceased, Appellant, v CITY OF NEW YORK et al., Respondents. [762 NYS2d 494] —Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered on or about January 25, 2002, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this action to recover for the wrongful death of plaintiff's husband, a police officer allegedly fatally shot by a fellow officer during the execution of a no-knock search warrant, plaintiff has no valid common-law negligence claim (*see Church v City of New York*, 268 AD2d 382, 383 [2000]), and concededly must premise her General Municipal Law § 205-e claim on a violation of a statute. In her supplemental bill of particulars, plaintiff specified violations of Penal Law §§ 35.15, 35.25 and 35.30, and Criminal Procedure Law § 120.80 (3) and § 690.50 (3), as possible predicates for her section 205-e claim. Those

provisions justify the use of reasonable physical force in self-defense, in preventing the commission of a crime, and in effecting an arrest or executing a search warrant (*see Brunelle v City of New York,* 269 AD2d 347 [2000]). They do "not establish a standard of care upon which a civil cause of action can be based, but rather a defense" (*Brocato v City of New York,* 294 AD2d 281, 281-282 [2002]) to a *criminal* prosecution (*see* Penal Law § 35.00).

In a second supplemental bill of particulars, plaintiff further specified various sections of articles 120 (assault) and 125 (homicide) of the Penal Law, allegedly violated by the individual defendants in executing the warrant. United States Supreme Court Justice Kennedy recently noted, in a different context, that while the "existence of a criminal penalty does have bearing on the seriousness with which a State views [a] wrongful action * * * Great care must be taken to avoid use of the civil process to assess criminal penalties that can be imposed only after the heightened protections of a criminal trial have been observed, including, of course, its higher standards of proof." (*State Farm Mut. Auto. Ins. Co. v Campbell,* — US —, 123 S Ct 1513, 1526 [2003].) These defendants have never been convicted of—much less charged with—such crimes, and thus have never been afforded any of the panoply of constitutional protections available to an accused in a criminal prosecution. Merely an "alleged violation" of those provisions of the Penal Law, which are as yet unproven in a criminal proceeding, cannot serve as a predicate for a civil claim under General Municipal Law § 205-e, as a matter of law. To the extent that other departments of this Appellate Division have suggested otherwise (*see e.g. Carlson v City of Tonawanda,* 221 AD2d 1011, 1012 [1995]; *Galapo v City of New York,* 219 AD2d 581, 583 [1995]; *Baiamonte v Buongiovanni,* 207 AD2d 324, 325 [1994]), we respectfully disagree.

We decline to consider the argument that plaintiff's General Municipal Law § 205-e claim may be premised on EPTL 5-4.1, which was not asserted in any of her three bills of particulars and is raised for the first time in her reply brief on this appeal (*Balsamo v New York City Tr. Auth.,* 227 AD2d 110, 111 [1996]). (N.B.: The Legislature has provided an extension of the statute of limitations, in section 5-4.1 [2], for such a wrongful death action where "a criminal action has been commenced against the same defendant with respect to the event or occurrence from which a claim under this section arises.") We have also reviewed plaintiff's remaining arguments and find them unavailing. Concur—Nardelli, J.P., Saxe, Sullivan and Williams, JJ.