■ MARIA T. DIAZ-MONTEZ, Appellant, v WILMA DORE-ALMONOR et al., Respondents. [947 NYS2d 171]—

In an action to recover damages pursuant to General Municipal Law § 205-e, the plaintiff appeals from an order of the Supreme Court, Queens County (Strauss, J.), dated September 7, 2011, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed, with costs.

The plaintiff, a police officer employed by the New York City Police Department, commenced the instant action to recover damages for injuries allegedly sustained in the line of duty. In the complaint, she asserted causes of action "pursuant to General Municipal Law § 205-e," alleging, inter alia, that the defendants failed to comply with various provisions of the Penal Law and that her injuries were caused because the defendants "intentionally prevented or attempted to prevent a police officer from effecting a lawful arrest." The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7), contending that it failed to state a cause of action to recover damages under General Municipal Law § 205-e because it did not allege

that they acted with negligence in causing her injury. The Supreme Court granted the defendants' motion to dismiss, the plaintiff appeals, and we affirm.

On a motion pursuant to CPLR 3211 (a) (7), a court must accept the complaint's allegations as true, "according the plaintiff the benefit of every favorable inference, and determining only whether the facts alleged 'fit within any cognizable legal theory' " (*Rodriguez v City of New York*, 35 AD3d 702, 703-704 [2006], quoting *Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001]).

To make out a claim under General Municipal Law § 205-e, a plaintiff must "[1] identify the statute or ordinance with which the defendant failed to comply, [2] describe the manner in which the [police officer] was injured, and [3] set forth those facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm" (*Williams v City of New York*, 2 NY3d 352, 363 [2004] [internal quotation marks omitted]). "[A]s a prerequisite to recovery, a police officer must demonstrate injury resulting from negligent noncompliance with a requirement found in a well-developed body of law and regulation that imposes clear dut[y]' " (*id.* at 364; *Galapo v City of New York*, 95 NY2d 568, 574 [2000] [internal quotation marks omitted]; *cf.* General Obligations Law § 11-106).

Here, while the complaint set forth provisions of the Penal Law which could properly serve as a predicate for an action pursuant to General Municipal Law § 205-e (*see Williams v City of New York*, 2 NY3d at 365; *Healy v Moeller*, 242 AD3d 366 [1997]), it contained no description of the manner in which the plaintiff police officer was injured and no facts from which it could be inferred that the defendants' negligence directly or indirectly caused the harm (*cf. Campagna v Arleo*, 25 AD3d 528 [2006]). Accordingly, the Supreme Court properly granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7). Angiolillo, J.P., Belen, Roman and Sgroi, JJ., concur.