■ ROCCO POVEROMO et al., Appellants, v AVIS RENT-A-CAR SYSTEM, INC., et al., Respondents. [662 NYS2d 52] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about June 12, 1996, which, *inter alia*, granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff police officer alleges that the negligence of a fellow officer who was driving a leased police vehicle in which plaintiff was a passenger caused the vehicle to go over a metal bumper and become airborne, resulting in injury to plaintiff upon impact with the ground. At the time of the accident plaintiff was en route to inspect a building, performing his duty as a member of the Mayor's Social Clubs Task Force. For purposes of the appeal, we deem the complaint to allege causes of action for common-law negligence and under General Municipal Law § 205-e for violation of Vehicle and Traffic Law §§ 1124, 1125, 1128 (a); §§ 1146, 1163 and 1190 (*see, Pensee Assocs. v Quon Shih-Shong*, 199 AD2d 73). The common-law negligence cause of action was properly dismissed because plaintiff's performance of his duty to promptly inspect nonresidential buildings and immediately seal those found perilous increased the risk of his sustaining an injury in a car accident en route to a site, and did not merely "furnish the occasion" for the injury (*Zanghi*

*v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 439 [emphasis omitted]; *cf.*, *Sheehan v City of New York*, 40 NY2d 496, 503). Concerning the General Municipal Law § 205-e claim, dismissal is warranted because Vehicle and Traffic Law former §˙1190, now covered by section 1212, prohibits reckless driving in very general terms that do not "mandate the performance or nonperformance of specific acts" (*Desmond v City of New York*, 88 NY2d 455, 464), a requirement left unchanged by the subsequent broadening of liability in subdivision (3) of General Municipal Law § 205-e, and the other alleged Vehicle and Traffic Law sections do not have any practical or reasonable connection to the manner in which the accident is said to have occurred (*see*, *Zanghi v Niagara Frontier Transp. Commn.*, *supra*), a requirement also unchanged by subdivision (3). In view of the foregoing, it is unnecessary to reach the parties' contentions with respect to application of the "fellow officer" rule or the exclusivity of other types of recovery. Concur— Rosenberger, J. P., Wallach, Rubin, Tom and Colabella, JJ.