OPINION OF THE COURT
Chief Judge Kaye.
On August 16, 1988, Sergeant William Martin, an 18-year veteran of the New York City Police Department, and his partner Officer Joseph Galapo participated in a “buy and bust” operation. After observing a possible drug transaction, the officers approached a group of suspects. Sergeant Martin followed one of the suspects, Joseph Barker, and recovered a glassine envelope believed to contain heroin. While securing Barker, who was told to place his hands on the roof of a nearby car, Martin noticed another suspect refusing to cooperate with Galapo. Unsure whether the suspects were armed and believing the situation dangerous, Martin took out his gun, a .38 caliber revolver he had received as a reward for outstanding police duty in arresting an armed narcotics suspect. Martin pointed the revolver upward, with his index finger touching the trigger guard.
In an effort to escape, Barker suddenly pushed off the car and slammed into Martin, knocking him backward. Martin felt his gun fly from his hand. Reflexively, he grabbed the revolver *572 and, while he was attempting to regain his grip the gun discharged, tragically resulting in Galapo’s death. The Police Department’s Firearms Discharge Review Board, after investigation, concluded “that the discharge by Sergeant Martin was accidental and not in violation of Department Guidelines.” In accordance with the Board’s recommendation, no discipline was imposed. Barker was convicted of escape, criminal possession of a controlled substance and criminally negligent homicide in connection with Galapo’s death (see, People v Barker, 186 AD2d 207, lv denied 81 NY2d 785).
Plaintiffs — the widow and children of Officer Galapo — commenced this wrongful death action against Martin, the New York City Police Department and the City of New York, seeking $49 million in damages. Plaintiffs asserted causes of action for, among other things, negligence and violation of General Municipal Law § 205-e, which authorizes recovery for negligent failure to “comply with the requirements of any of the statutes, ordinances, rules, orders and requirements” (subd [1]) of any City department. Specifically, plaintiffs alleged violation of Procedure 104-1 (k) (“Use of Firearms”) of the Police Department Patrol Guide, which at the time stated that to “minimize the possibility of accidentally discharging a weapon, firearms shall not be cocked and should be fired double action.”
The trial court dismissed the complaint, concluding both that plaintiffs’ negligence claim was barred by the “Santangelo rule” (see, Santangelo v State of New York, 71 NY2d 393, 397) and that the Patrol Guide could not serve as a basis for liability under General Municipal Law § 205-e. Disagreeing with the latter conclusion, the Appellate Division reversed (219 AD2d 581). At trial, plaintiffs presented circumstantial evidence that Martin’s gun had been cocked, that its hammer had been depressed making it easier for the weapon to discharge. The case proceeded to a jury award of $17.9 million. Defendants moved to set aside the verdict, urging that statutory liability could not be based on violation of Patrol Guide Procedure 104-1 (k). Bound by the Appellate Division’s earlier determination, Supreme Court denied the motion. The Appellate Division, however, itself reversed, concluding that this Court’s decisions in Gonzalez v Iocovello (93 NY2d 539), Desmond v City of New York (88 NY2d 455, rearg denied 89 NY2d 861) and St. Jacques v City of New York (88 NY2d 920) had “effectively overruled” its prior determination (267 AD2d 349, 350). We agree.
*573 Discussion
Central to this appeal is a longstanding common-law doctrine known as the “firefighters’ rule.” The rule bars recovery by a firefighter against a property owner or occupant for injuries related to the risks firefighters are expected to assume as part of their job (see, Kenavan v City of New York, 70 NY2d 558, 566; Cooper v City of New York, 81 NY2d 584, 588). The rule is grounded on the policy that — unlike members of the general public — firefighters are specially trained and compensated to confront hazards and therefore “must be precluded from recovering damages for the very situations that create a need for their services” (see, Santangelo v State of New York, supra, 71 NY2d, at 397).
The Legislature opened a narrow passageway around the common-law rule by enacting General Municipal Law § 205-a, affording firefighters and their survivors a statutory cause of action for line-of-duty injuries resulting from negligent noncompliance “with the requirements of any [governmental] statutes, ordinances, rules, orders and requirements” (see, L 1935, ch 800, § 2, as amended by L 1936, ch 251, § 1; Desmond v City of New York, supra, 88 NY2d, at 462).
In Santangelo, this Court recognized that the firefighters’ rule applies equally to police officers. Like firefighters, police officers are “experts engaged, trained and compensated by the public to deal on its behalf with emergencies and hazards often created by negligence” (Santangelo v State of New York, supra, 71 NY2d, at 397). They too are barred from recovering damages for on-the-job, work-related injuries. Soon after Santangelo, the Legislature enacted General Municipal Law § 205-e, allowing to police officers the same limited exception to the common-law rule that had been made available to firefighters (see, Div of Budget Report, Bill Jacket, L 1989, ch 346 [section 205-e “merely extends to on-duty police officers, a right already enjoyed by firemen and by the general public”]). ■
The Legislature most recently added yet another circumscribed exception to the common-law rule by authorizing a cause of action for firefighters and police officers for on-duty injuries “proximately caused by the neglect, willful omission, or intentional, willful or culpable conduct of any person or entity, other than that police officer’s or firefighter’s employer or co-employee” (see, General Obligations Law § 11-106 [1] [emphasis added]). As the Governor noted in approving the legislation, “this bill does not authorize injured firefighters and *574 police officers to sue their fellow firefighters and police officers. Accordingly, it does not carry with it ‘the potential for impairing discipline and the teamwork values that are vital.to effective firefighting and law enforcement’ ” (Governor’s Mem approving L 1996, ch 703, 1996 McKinney’s Session Laws of NY, at 1935 [citation omitted]).
Like General Municipal Law § 205-a (1), General Municipal Law § 205-e (1) permits police officers or their survivors to recover for injuries or death caused by negligent failure to comply “with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments or of any and all their departments, divisions and bureaus.” Although section 205-e purports to authorize recovery for noncompliance with “any” governmental requirement, it is well settled that the statute cannot “reasonably be applied literally in accordance with its broad language” (Desmond v City of New York, supra, 88 NY2d, at 463; see also, Governor’s Mem approving L 1996, ch 703, 1996 McKinney’s Session Laws of NY, at 1936-1937). Rather, as a prerequisite to recovery, a police officer must demonstrate injury resulting from negligent noncompliance with a requirement found in a “well-developed body of law and regulation” that “imposes clear duties” (see, Desmond v City of New York, supra, 88 NY2d, at 464; see also, Patrolmen’s Benevolent Association Letter in Support, Bill Jacket, L 1989, ch 346 [statute authorizes cause of action based on disregard of “a local statute or ordinance”]; Sponsor’s Mem, Bill Jacket, L 1992, ch 474 [“It was clearly the intent of the Legislature, in enacting General Municipal Law § 205-e, that this Section apply to the violation of any statute or other law”]).
Procedure 104-1 (k) of the New York City Police Department Patrol Guide is not part of a duly-enacted body of law or regulation that gives rise to civil liability under General Municipal Law § 205-e (see, Malenczak v City of New York, 265 AD2d 532, 533; Flynn v City of New York, 258 AD2d 129, 138; Lawrence v City of New York, 240 AD2d 711, lv denied 90 NY2d 812; Luongo v City of New York, 240 AD2d 712, lv denied 90 NY2d 812; see also, Shelton v City of New York, 256 AD2d 611, 613 [internal Fire Department rule cannot serve as a predicate for liability under General Municipal Law § 205-a], lv dismissed and denied 93 NY2d 907; Pascarella v City of New York, 146 AD2d 61, 70, lv denied 74 NY2d 610).
The Patrol Guide is an internal manual — nearly 1,500 closely printed pages — containing thousands of rules, procedures and *575 policies adopted by the Police Commissioner for the governance, discipline, administration and guidance of the Police Department (see, Foreword to New York City Police Department Patrol Guide). It is not a body of law or regulation establishing clear legal duties that should serve as a basis for civil liability of municipalities (contrast, Gonzalez v Iocovello, supra, 93 NY2d, at 551 [permitting section 205-e recovery based on violation of Vehicle and Traffic Law § 1104, which establishes a standard for determining civil liability for damages]; Cosgriff v City of New York, 93 NY2d 539, 552 [authorizing section 205-e recovery based on Administrative Code provision recognizing the potential for liability]). Significantly, though some of its provisions are couched in mandatory terms, the Patrol Guide does not prescribe the specific action to be taken in each situation encountered by individual officers, but rather is intended to serve as a guide for members of the Police Department.
Establishing Procedure 104-1 (k) as a foundation for monetary damage lawsuits under section 205-e, with the specter of massive civil liability, would, moreover, operate as a powerful disincentive to the adoption of internal rules, which authorize the police department to discipline officers even before conduct might become actionable by members of the general public (see, Flynn v City of New York, supra, 258 AD2d, at 138). As illustrated by the present case, it would additionally allow a trier of fact, using rules the Police Department itself regards merely as “a guide,” to second-guess line-of-duty decisions on matters affecting public safety (see, Desmond v City of New York, supra, 88 NY2d, at 464; see also, Governor’s Mem approving L 1996, ch 703, 1996 McKinney’s Session Laws of NY, at 1936-1937).
Permitting the recovery of damages by a police officer based on a fellow officer’s violation of Procedure 104-1 (k) would, finally, be at odds with the history and purpose of General Municipal Law § 205-e. The overriding purpose behind adoption of General Municipal Law § 205-e was to ameliorate the effect of the common-law rule that disadvantaged police officers who, unlike members of the general public, were barred from recovery for injuries resulting from risks inherent in their job. The statute, was not, however, intended to give police officers greater rights and remedies than those available to the general public, as would occur here if plaintiffs could found their damages claims on Procedure 104-1 (k) (see, Crosland v New York City Tr. Auth., 68 NY2d 165, 168 [liability cannot be based on alleged breach of Authority rule imposing higher duty *576 than that owed under common law]; see also, Rivera v New York City Tr. Auth., 77 NY2d 322, 329 [Authority rule imposing higher standard inadmissible at trial], rearg denied 77 NY2d 990; Lesser v Manhattan & Bronx Surface Tr. Operating Auth., 157 AD2d 352, 356 [internal operating rules inadmissible where “they require a standard of care which transcends the area of reasonable care”] [Smith, J.], affd sub nom. Fishman v Manhattan & Bronx Surface Tr. Operating Auth., 79 NY2d 1031, rearg denied 80 NY2d 893).
In sum, General Municipal Law § 205-e was not intended to allow suits by fellow officers or their survivors for “breaches of any and all governmental pronouncements of whatever type” (Desmond v City of New York, supra, 88 NY2d, at 464). Procedure 104-1 (k) of the New York City Police Department Patrol Guide is not a statute, ordinance, rule, order or requirement giving rise to section 205-e recovery.
Accordingly, the order of the Appellate Division should be affirmed, with costs.