[733 NYS2d 431]

Patrick Balsamo, Respondent, v City of New York, Appellant, et al., Defendant. (And a Related Action.)

Second Department, November 13, 2001

## APPEARANCES OF COUNSEL

*Michael D. Hess, Corporation Counsel,* New York City (*Leonard Koerner* and *Ellen B. Fishman* of counsel), for appellant.

*Moskowitz, Passman & Edelman,* New York City (*Jeffrey M. Motelson* of counsel), for respondent.

## OPINION OF THE COURT

COZIER, J.

This appeal presents an issue of first impression: whether a violation of Labor Law § 27-a constitutes a sufficient predicate for a claim pursuant to General Municipal Law § 205-e. We answer this question in the affirmative for the reasons stated herein.

This is an action to recover damages for personal injuries allegedly sustained as the result of a motor vehicle accident. The plaintiff, Patrick Balsamo, a New York City Police Officer, was the recorder in a radio motor patrol car (hereinafter RMP) that was responding to an emergency call during the early morning hours of April 29, 1988. At approximately 2:50 A.M., the RMP collided with an automobile operated by the defendant Yui Tung Chan (hereinafter Chan). The collision allegedly caused Balsamo's left knee to come into contact with a sharp protruding edge of an unpadded computer console that was mounted off the floor between the driver and front passenger seats.

Balsamo commenced an action in Supreme Court, Kings County, against the City of New York (hereinafter the City) and Chan in 1989, and commenced a second action in Supreme Court, Kings County, against the City alone in June 1995. The first action was discontinued insofar as asserted against Chan, and the two actions were consolidated. A related action commenced in Supreme Court, Kings County, by Ralph Ferrara, the operator of the RMP, was discontinued insofar as asserted against Chan, and then, in effect, dismissed insofar as asserted against the City by the order appealed from herein.

Balsamo alleged, *inter alia,* that the accident was caused by the negligence of the City in the installation and maintenance

of the computer console, and that such negligence violated various State and Federal statutes. Balsamo then served a supplemental verified bill of particulars, dated September 18, 1997, alleging violations of Patrol Guide §§ 125-2 and 125-4 and Labor Law § 200.

After appearing before the Supreme Court for a compliance conference on September 24, 1997, the City was ordered to produce maintenance and repair records for the computer console, as well as records concerning prior, similar notices of claim, to the extent such records existed, within 45 days.

On May 27, 1999, Balsamo moved, *inter alia,* to compel the City to produce the maintenance and repair records for the computer console and copies of similar notices of claim. The City cross-moved for, *inter alia,* summary judgment dismissing the complaint insofar as asserted against it. The City opposed the motion to compel disclosure, and annexed copies of repair logs for the computer console. In addition, it argued that any similar notices of claim were public information which could be obtained from the Office of the Comptroller.

During the pendency of the motion and cross motion, Balsamo served a further supplemental bill of particulars, dated September 22, 1999, asserting violations of Vehicle and Traffic Law § 382-c, 15 NYCRR 55.1 and 55.2, and Labor Law § 27-a, in that the City was liable under General Municipal Law § 205-e due to its failure to "provide shock absorbent padding surrounding the computer unit." Although the Supreme Court had previously ordered Balsamo to serve a supplemental bill of particulars to specify the particular sections of the Patrol Guide and the Vehicle and Traffic Law allegedly violated by the City, Balsamo did not have court authorization to serve a further supplemental bill of particulars as to the Labor Law § 27-a violation.

The Supreme Court granted those branches of the cross motion which were for summary judgment dismissing the negligence and General Municipal Law § 205-e claims predicated upon alleged violations of Patrol Guide §§ 125-2 and 125-4, Vehicle and Traffic Law § 382-c, 15 NYCRR 55.1 and 55.2, and Labor Law § 200. However, the Supreme Court denied that branch of the cross motion which was for summary judgment dismissing so much of the General Municipal Law § 205-e claim as was based on a violation of Labor Law § 27-a, finding that it was a sufficient predicate for a cause of action under General Municipal Law § 205-e. Furthermore, the Supreme Court found that an issue of fact existed as to whether

the unpadded computer console was a "recognized hazard" within the meaning of Labor Law § 27-a. The City now appeals from so much of the order as denied that branch of its cross motion which was for summary judgment dismissing the plaintiff's General Municipal Law § 205-e claim based on a violation of Labor Law § 27-a.

General Municipal Law § 205-e, which was enacted to mitigate the effect of the "firefighter's rule" as applied to police officers (*see, Santangelo v State of New York*, 71 NY2d 393), states, in pertinent part, that:

> "1. In addition to any other right of action or recovery under any other provision of law, in the event any accident, causing injury, death or a disease which results in death, occurs directly or indirectly as a result of any neglect, omission, willful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments or of any and all their departments, divisions and bureaus, the person or persons guilty of said neglect, omission, willful or culpable negligence at the time of such injury or death shall be liable to pay any officer, member, agent or employee of any police department injured * * *

> "3. This section shall be deemed to provide a right of action regardless of whether the injury * * * is caused by the violation of a provision which codifies a common-law duty and regardless of whether the injury * * * is caused by the violation of a provision prohibiting activities or conditions which increase the dangers inherent in the work of any officer, member, agent or employee of any police department."

For a plaintiff to recover damages for personal injuries under General Municipal Law § 205-e, the pleadings must identify the particular statute or ordinance allegedly violated by the defendant (*see, Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423; *Corbisiero v City of New York*, 240 AD2d 694; *Lawrence v City of New York*, 240 AD2d 711 ["pleadings failed to set forth the particular Vehicle and Traffic Law provisions allegedly violated by the partner of the plaintiff police officer with respect to the operation of the radio motor patrol vehi-

cle"]; *MacKay v Misrok,* 215 AD2d 734, 735 [plaintiff's failure to identify the specific statute or ordinance which the defendant violated rendered General Municipal Law § 205-e claim legally insufficient]). Moreover, to establish liability under General Municipal Law § 205-e, a plaintiff must describe the manner in which the injury occurred and demonstrate a reasonable connection between the alleged violation of a relevant statute or ordinance and the resulting injury to the police officer (*see, Zanghi v Niagara Frontier Transp. Commn., supra,* at 441; *Abbadessa v City of New York,* 269 AD2d 341; *Brunelle v City of New York,* 269 AD2d 347; *Corbisiero v City of New York, supra*). The Court of Appeals has stated that in order for a statutory violation to serve as the basis of a claim under General Municipal Law § 205-e, the statute must impose clear legal duties or be part of a well-developed body of law and regulation with positive commands that mandate the performance or nonperformance of specific acts (*see, Gonzalez v Iocovello,* 93 NY2d 539, 550; *Desmond v City of New York,* 88 NY2d 455, 464).

Labor Law § 27-a (3) mandates that:

"a. Every employer shall: (1) furnish to each of its employees, employment and a place of employment which are free from recognized hazards that are causing or are likely to cause * * * serious physical harm to its employees and which will provide reasonable and adequate protection to the lives, safety or health of its employees; and (2) comply with the safety and health standards promulgated under this section. In applying this paragraph, fundamental distinctions between private and public employment shall be recognized."

In 1980, the State Legislature enacted the Public Employee Safety and Health Act (PESHA), Labor Law § 27-a, "to provide individuals working in the public sector with the same or greater workplace protections provided to employees in the private sector under OSHA [the United States Occupational Safety and Health Act]" (*see, Hartnett v New York City Tr. Auth.,* 86 NY2d 438, 442).

With respect to the enactment of Labor Law § 27-a, the Memorandum of the Assembly Rules Committee (1980 NY Legis Ann, at 284-285) stated, in relevant part, that:

"The purpose of this bill is to amend the Labor Law, in relation to the safety of public employees. It is

the basic right of all employees to work in an environment that is free from hazards and risks. This right should not only be granted to private employees, but to public employees as well * * * Many of these public employees perform job functions comparable to those performed by workers in the private sector who are protected by the United States Occupational Safety and Health Act of 1970 (P.L. 91-596). It is therefore found by the legislature inappropriate to continue two standards for employee safety, one applicable to those who work in the private sector and one for those who are employed by state or local government. It has also been determined that a safe place in which to work is economically advantageous to employers in the sense that work related accidents and injuries would decrease thus decreasing the employers financial liability for injuries stemming from unsafe premises."

Under Labor Law § 27-a (4) (a), the Commissioner of Labor is required to adopt all safety and health standards promulgated under OSHA. The language set forth in Labor Law § 27-a is not permissive, as it contains a specific mandate that public employers provide a safe workplace for its employees.

The City argues that the portion of Balsamo's General Municipal Law § 205-e claim which is based on the violation of Labor Law § 27-a must be dismissed since the complaint failed to set forth any such violation. However, this argument is without merit. A plaintiff may serve a supplemental bill of particulars, even without leave of court, to assert statutory violations which merely amplify his or her theories of liability (see, CPLR 3043 [b]; Noetzell v Park Ave. Hall Hous. Dev. Fund Corp., 271 AD2d 231). Here, Balsamo did not assert a new theory of liability against the City by asserting a Labor Law § 27-a violation in his further supplemental bill of particulars, but rather amplified his General Municipal Law § 205-e claim, thereby specifically identifying the particular statute that the City allegedly violated (see, Zanghi v Niagara Frontier Transp. Commn., supra; Sciangula v City of New York, 250 AD2d 833; Corbisiero v City of New York, supra).

The City further argues that Labor Law § 27-a is inapplicable here, as the nature of police work is not free from recognized hazards. However, General Municipal Law § 205-e (3) expressly provides for a right of action "regardless of

whether the injury * * * is caused by the violation of a provision prohibiting activities or conditions which increase the dangers inherent in the work of any officer, member, agent or employee of any police department." Moreover, Labor Law § 27-a is applicable to the uniformed services and the safety or protective equipment provided to them (*see, Matter of City of New York v Hartnett,* 168 AD2d 555). Therefore, inasmuch as Labor Law § 27-a imposes a clear legal duty on public employers to provide a safe workplace for their employees, and " 'an expansive interpretation is consistent with the over-all goal of [General Municipal Law § 205-e]' " (*Gonzalez v Iocovello, supra,* at 548, quoting *Schiavone v City of New York,* 92 NY2d 308, 317), we find that a violation of Labor Law § 27-a may constitute a sufficient predicate for a claim pursuant to General Municipal Law § 205-e which is based on an allegation of a workplace safety violation (*see, Sciangula v City of New York, supra*). While Labor Law § 27-a (3) (a) (1) imposes a general duty of care, General Municipal Law § 205-e provides a right of recovery for statutory, regulatory, and code violations which codify a common-law duty (*see, Gonzalez v Iocovello, supra,* at 552-553; *Corbisiero v City of New York, supra,* at 695).

Contrary to the City's contention, the Supreme Court properly determined that an issue of fact existed as to whether the unpadded computer console was a "recognized hazard" within the meaning of Labor Law § 27-a, as the City possessed all of the factual information regarding the computer console and failed to disclose it (*see, Ellis v Allstate Ins. Co.,* 151 AD2d 543). Therefore, the order is affirmed insofar as appealed from, without costs or disbursements.

O'BRIEN, J. P., FRIEDMANN and FEUERSTEIN, JJ., concur.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.