OPINION OF THE COURT
Sidney F. Strauss, J.
On September 4, 1995, the plaintiff, New York City Police Officer Carlos Crespo, was on duty in the complaint room of the 24th Police Precinct in New York County. At approximately 12:00 p.m., an armed assailant gained entrance into the precinct and assaulted the plaintiff, resulting in Officer Crespo sustaining stabbing and gunshot wounds.
*396 The plaintiff brought this action against the defendant City of New York pursuant to section 205-e (1) of the General Municipal Law, which permits a police officer to pursue a cause of action due to line of duty injuries resulting from failures to comply with “requirements of the statutes, ordinances, rules, orders and requirements” of any government or departmental subdivision thereof. The plaintiff alleges that supervisory officers on duty in the precinct departed from department regulations and failed to adequately secure the premises by, inter alia, removing the officer stationed at a security post at the entrance of the precinct and failing to challenge persons entering the precinct and having them sign the visitor’s log.
Prior to the commencement of the trial of the above-noted action, the parties stipulated to present this court with a “framed” issue regarding whether the Administrative Guide of the New York City Police Department (the Administrative Guide) may serve as an adequate predicate for maintaining an action pursuant to General Municipal Law § 205-e. The court decides as follows:
In Desmond v City of New York (88 NY2d 455, 464), the Court of Appeals held that negligent noncompliance with an aspect of a “well-developed bod[y] of law and regulation” that “impose [s] clear duties” was a necessary prerequisite to recovery pursuant to General Municipal Law § 250-e (internal quotation marks omitted). More recently, in Galapo v City of New York (95 NY2d 568, 575), the Court found that the New York City Police Department’s Patrol Guide (the Patrol Guide) “is not a body of law or regulation establishing clear legal duties that should serve as a basis for civil liability of municipalities” and held that the Patrol Guide accordingly did not serve as an adequate predicate upon which to bring a General Municipal Law § 205-e claim.
The Court reasoned that, even though certain regulations were “couched in mandatory terms,” the Patrol Guide was regarded merely as “a guide” to members of the Police Department, rather than as a comprehensive enumeration of “specific action [s] to be taken in each situation encountered by individual officers.” (Id. at 575.) The Court recognized that police officers must be accorded a significant degree of professional discretion when facing the myriad of unknowable circumstances that may be encountered in the conduct of their duties and that to permit causes of action to be premised on the Patrol Guide would permit a trier of fact “to second-guess line-of-duty decisions” and deter the adoption of internal rules and *397 regulations. (Id.) In conclusion, the Court, quoting Desmond (supra at 464), held that “General Municipal Law § 205-e was not intended to allow suits by fellow officers or their survivors for ‘breaches of any and all governmental pronouncements of whatever type.’ ” (Id. at 576.)
Here, the plaintiff attempts to distinguish the alleged violation of the Administrative Guide from the Patrol Guide and, accordingly, from the Court of Appeals holding in Galapo. The plaintiff alleges that police students are taught at the Police Academy that the rules embodied in the Patrol Guide, which governs the conduct of uniformed police officers on patrol duty, are flexible, as evidenced by the submission of a copy of the Police Student’s Guide to the Patrol Guide. Plaintiff further states, without the benefit of any supporting proof, that superior officers and supervisors, whose conduct in the management of department personnel, property and records, is directed by the Administrative Guide, are not informed of any such flexibility and that the rules embodied in the Administrative Guide are accordingly mandatory, inflexible and binding on superior officers.
The court finds that plaintiff’s argument, essentially that patrol officers have discretion in the exercise of their duties but that supervisory officers do not, is without merit. Plaintiffs argument turns the very purpose of supervisory responsibility on its head, be it in the exercise of public safety functions or in society in general. Moreover, the regulation that lies at the heart of plaintiffs action, section 303-12 (9), which requires the placement of a police officer at a security post outside the station house if conditions require, is wholly discretionary on the part of the commanding officer. By its very nature, this regulation is not binding on superior officers and serves to negate the plaintiff’s position.
Contrary to the plaintiff’s position, and supporting the proposition that the Administrative Guide is not substantively different from the Patrol Guide, is the Police Department’s January 1, 2000 reorganization of its intradepartmental documents. As of that date, the Patrol Guide and the Administrative Guide, together with the Organization Guide, comprise the new Department Manual, designed to collectively guide the conduct of all Police Department personnel. In his forward to the new Department Manual, Police Commissioner Howard Safir, mirroring the rationale found in Galapo, states that “[t]he manual does not contain distinct instructions for every situation that may be encountered in the field” but is comprised of “[p]roce- *398 dures * * * [which] provide additional guidance in the most common practices of the Department.” Thus, the clear intent of the Department Manual, and its subparts, is to provide the framework for the exercise of police duties and standards of conduct within which police officers are expected to comport themselves.
Lastly, the court notes that, by memorandum dated February 8, 2002, Governor George E. Pataki failed to approve legislation seeking to include internal fire and police department manuals within the meaning of General Municipal Law §§ 205-a and 205-e. Citing Galapo, Governor Pataki noted that permitting such an internal rule to serve as the basis for a claim for damages would “operate as a powerful disincentive to the adoption of internal rules” and place firefighters and police officers in an enhanced position over the general public.
For the foregoing reasons, the court finds that the alleged violation of the Police Department Administrative Guide does not constitute an adequate predicate for liability under General Municipal Law § 205-e.