■ JOSEPH G. MCGOVERN, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant. [742 NYS2d 218] —Order, Supreme Court, New York County (Michael Stallman, J.), entered June 29, 2000, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff is a New York City firefighter who allegedly was injured while fighting a fire in an apartment on Mott Street on July 5, 1990. At the time, he was wearing protective gear, which he had purchased at the Fire Department Equipment Supply Store, consisting of a knee-length turnout coat, a helmet, gloves and rubber boots that rose to approximately three inches above his knee. The conditions of the fire required the firefighters to enter the apartment crawling. As the assigned "nozzle man," plaintiff entered first, holding the nozzle of the hose and spraying the apartment with water. While crawling, plaintiff suffered second-degree burns to his right knee and leg from hot water and steam that flowed into the gap between his coat and his boots.

Plaintiff commenced this action against the City and the property owner in June 1997, pursuant to a 1996 amendment to General Municipal Law § 205-a that created a cause of action for firefighters injured on the job as a result of the failure

of "any person or persons * * * to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments" (subd [1]). The amendment permitted the revival of any claim that would have been actionable on or after January 1, 1987, provided the action was commenced on or before June 30, 1997 (subd [2]). The City moved for dismissal for failure to state a cause of action or, in the alternative, for summary judgment dismissing the complaint, and it is that issue which is before us.

Plaintiff predicates his claim against the City on its violation of Federal OSHA regulations that require protective clothing for a firefighter's head, body and extremities (29 CFR 1910.156 [e] [2], [3]). The regulations provide that foot and leg protection may be achieved by either "(A) Fully extended boots which provide protection for the legs" or "(B) Protective shoes or boots worn in combination with protective trousers that meet the requirements of paragraph (e) (3) of this section" (para [e] [2] [i]). Paragraph (e) (3) (i) requires the coordination of body protection with foot and leg protection "to ensure full body protection" by either "(A) Wearing of a fire-resistive coat * * * in combination with fully extended boots * * *" or "(B) Wearing of a fire-resistive coat in combination with protective trousers * * *." Plaintiff argues that protective clothing that permits scalding water to reach a firefighter's leg through the gap between his boots and his coat does not comply with these requirements.

The OSHA regulations that require protective clothing for a firefighter's head, body and extremities (29 CFR 1910.156 [e] [2], [3]) can serve as a predicate to a claim under General Municipal Law § 205-a because they are part of a well developed body of law and regulation and they impose a clear legal duty (*see, Gonzalez v Iocovello*, 93 NY2d 539, 551; *see also, Matter of New York City Tr. Auth. v New York State Dept. of Labor*, 88 NY2d 225, 228 n; Labor Law § 27-a [4]; 12 NYCRR 800.3). The duty is no less clear because the City may choose one or the other given method of compliance, i.e., either a fire-resistive coat with fully extended boots or a fire-resistive coat with protective trousers (29 CFR 1910.156 [e] [3] [i]). Either way, the ultimate objective is to provide full body protection.

As to whether or not plaintiff's gear satisfied this objective, the City submitted an affidavit of Bruce Zamelsky, Acting OSHA Coordinator for the New York City Fire Department, saying that the knee-length turnout coat and boots that extend approximately three inches past the knee are the type that

"satisfies the first option under OSHA of a longer fire-resistive coat with fully extended boots." In opposition, plaintiff submitted an affidavit of John J. O'Rourke, a fire safety consultant, saying that the gap between the top of the boot and the coat "routinely permitted hot water or burning at a fire [sic] to enter into the top of the boot and come in contact with the firefighter's legs" and thus did not provide full body protection. With this affidavit, plaintiff raised a triable issue of fact as to whether the protective equipment provided by the City complied with OSHA's requirements, and the City should not have been granted summary judgment. Concur—Tom, J.P., Mazzarelli, Rosenberger, Ellerin and Rubin, JJ.