■ HEATHER CARRO et al., Appellants, v CITY OF NEW YORK, Respondent. [933 NYS2d 605]—

The plaintiff Heather Carro (hereinafter the plaintiff), a police officer with the New York City Police Department, was injured while on duty when she fell from a police truck while loading wooden police barriers onto it. The plaintiff and her husband, suing derivatively, thereafter commenced this action against the City of New York seeking to recover damages, inter alia, based on common-law negligence and pursuant to General Municipal Law § 205-e. In the order appealed from, the Supreme Court, inter alia, granted those branches of the City's motion which were for summary judgment dismissing the causes of action to recover damages for common-law negligence, and pursuant to General Municipal Law § 205-e. We affirm the order insofar as appealed from.

The plaintiff predicated her cause of action pursuant to General Municipal Law § 205-e upon, inter alia, violations of Labor Law § 27-a (3) (a) (1) and 29 CFR 1910.23 (c) (1). On its motion for summary judgment, the City satisfied its prima facie burden of establishing that the subject accident was not the result of a "recognized hazard" within the meaning of Labor Law § 27-a (3) (a) (1) (cf. Balsamo v City of New York, 287 AD2d 22 [2001]). The City further established, prima facie, that 29 CFR 1910.23 (c) (1) was inapplicable (cf. McGovern v City of New York, 294 AD2d 148 [2002]).

Moreover, the Supreme Court properly determined that the plaintiffs' cause of action alleging common-law negligence was barred by the so-called "firefighter's rule," as the City established that the plaintiff's acts were taken in furtherance of a specific police function which exposed her to the risk of the injury she ultimately sustained (see Wadler v City of New York, 14 NY3d 192, 196 [2010]; Rector v City of New York, 74 AD3d 771 [2010]; Carter v City of New York, 272 AD2d 498 [2000]).

In opposition to the City's showing, the plaintiffs failed to raise a triable issue of fact (see Norman v City of New York, 60 AD3d 830, 831 [2009]).

Accordingly, the Supreme Court properly granted the subject branches of the City's summary judgment motion. Rivera, J.P., Leventhal, Belen and Roman, JJ., concur.