[972 NYS2d 559]

Allison Gammons, Respondent-Appellant, v City of New York et al., Appellants-Respondents.

Second Department, July 17, 2013

## APPEARANCES OF COUNSEL

*Michael A. Cardozo, Corporation Counsel,* New York City (*Stephen J. McGrath, Margaret G. King* and *Michael Shender* of counsel), for appellants-respondents.

*Oshman & Mirisola, LLP,* New York City (*David L. Kremen* of counsel), for respondent-appellant.

## OPINION OF THE COURT

LEVENTHAL, J.

On this appeal, we consider, among other things, whether the decision of the Court of Appeals in *Williams v City of New York* (2 NY3d 352 [2004]) warrants a departure from our holding in *Balsamo v City of New York* (287 AD2d 22 [2001]). Stated differently, we primarily address the issue of whether Labor Law § 27-a (3) (a) (1) constitutes a sufficient statutory predicate for a police officer's cause of action to recover damages pursuant to General Municipal Law § 205-e even though Labor Law § 27-a does not provide for a private right of action. For the reasons discussed below, we adhere to our determination in *Balsamo*, and conclude that Labor Law § 27-a (3) (a) (1) can constitute a sufficient statutory predicate for a police officer's cause of action to recover damages pursuant to General Municipal Law § 205-e.

The plaintiff was employed as a police officer by the New York City Police Department (hereinafter the NYPD). In September 2008, while on duty, she allegedly was injured when she fell from a police flatbed truck while loading wooden police barriers onto it. The plaintiff thereafter commenced this action against the City of New York and the NYPD to recover damages for common-law negligence and pursuant to General Municipal Law § 205-e, predicated upon a violation of Labor Law § 27-a, which sets forth safety and health standards for public employees.

At her deposition, the plaintiff testified that on September 18, 2007, she was assigned to "barrier truck detail." Her duties that day were to load a police flatbed truck with wooden barriers and to take the barriers to certain locations around the city. The plaintiff and a fellow officer were positioned on the truck and received the barriers that were pushed up onto the truck by two other officers. Describing the accident, the plaintiff stated that while she was standing at the rear of the truck, holding one end of a wooden barrier with both hands, the second officer gave the beam a hard push, causing the end of the barrier to make contact with the plaintiff's chest. The plaintiff fell backwards off the rear of the truck onto the street, sustaining injuries.

The plaintiff further testified that the truck on which she was working was equipped with side railings that were approximately three feet high; however, there was no railing on the rear of the truck. She added that, at the time of the accident,

the NYPD had newer flatbed trucks which were longer than the subject flatbed truck, and had a backing in the rear to enclose them. According to the plaintiff, the shorter, older flatbed truck on which she was working could not accommodate two officers and the wooden barriers because the barriers were longer than the truck's bed. However, the newer, longer flatbed trucks could accommodate two officers and the wooden barriers.

Following discovery, the defendants moved for summary judgment dismissing the complaint. The defendants argued that the so-called "firefighter rule" (*see* General Obligations Law § 11-106 [1]) barred the common-law negligence cause of action, and that the cause of action to recover damages based upon a violation of General Municipal Law § 205-e should be dismissed because Labor Law § 27-a was not a proper statutory predicate for a General Municipal Law § 205-e cause of action. In support of their position that the General Municipal Law § 205-e cause of action should be dismissed, the defendants contended that Labor Law § 27-a did not provide a private right of action to recover damages for personal injuries. Rather, the defendants asserted that the sole remedy for an alleged Labor Law § 27-a (3) (a) (1) violation is an administrative proceeding commenced by the Commissioner of the New York State Department of Labor. In the alternative, the defendants maintained that even if Labor Law § 27-a (3) (a) (1) were a proper predicate, the truck was not a "recognized hazard" as defined by that statute, since the truck was not defective.

In opposition, the plaintiff argued that the firefighter rule did not bar her common-law negligence cause of action because she was not injured as a result of a heightened risk associated with a police function. Moreover, the plaintiff argued that Labor Law § 27-a (3) (a) (1) was a proper statutory predicate for the General Municipal Law § 205-e cause of action, and that a fall from a truck was a "recognized hazard" pursuant to that statute. Alternatively, the plaintiff argued that the defendants violated Labor Law § 27-a (3) (a) (2) and 29 CFR 1910.23 (c) (1) by failing to equip the back of the truck with a railing. In addition, the plaintiff requested that the court search the record (*see* CPLR 3212 [b]) and award her summary judgment on the issue of liability on the General Municipal Law § 205-e cause of action.

The Order Appealed From

In an order dated February 25, 2011, the Supreme Court granted that branch of the defendants' motion which was for

summary judgment dismissing the cause of action to recover damages for common-law negligence (30 Misc 3d 1230[A], 2011 NY Slip Op 50286[U] [2011]). The court determined that at the time of the accident, the plaintiff was engaged in an act in furtherance of a specific police function which exposed her to a heightened risk of falling off the rear of the flatbed truck, and, because of the firefighter rule, the plaintiff could not recover damages for common-law negligence. However, the court denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages pursuant to General Municipal Law § 205-e. The court held that based upon precedent from this Court, Labor Law § 27-a (3) (a) (1) may serve as a proper predicate for a cause of action alleging a violation of General Municipal Law § 205-e.

The defendants appeal, the plaintiff cross-appeals, and we affirm.

Common-Law Negligence

On her cross appeal, the plaintiff argues that the firefighter rule does not preclude recovery because at the time of her accident, she was loading a flatbed truck, not performing a task which exposed her to the heightened risks of police work. The plaintiff asserts that her duties merely furnished the occasion for her accident, but did not heighten the risk of injury.

At common law, the so-called firefighter rule barred recovery in negligence for injuries sustained by a firefighter in the line of duty (*see Santangelo v State of New York*, 71 NY2d 393, 397 [1988] ["as a matter of public policy firefighters trained and compensated to confront such dangers must be precluded from recovering damages for the very situations that create a need for their services"]). In the 1988 decision in *Santangelo* (71 NY2d at 397-398), the Court of Appeals, for the first time, extended the firefighter rule to police officers (*see Cooper v City of New York*, 81 NY2d 584 [1993]). Since 1996, the rule has been applicable only in actions against a "police officer's or firefighter's employer or co-employee" (General Obligations Law § 11-106 [1]).

Today, the firefighter rule provides that "[p]olice and firefighters may not recover in common-law negligence for line-of-duty injuries resulting from risks associated with the particular dangers inherent in that type of employment" (*Wadler v City of New York*, 14 NY3d 192, 194 [2010] [internal quotation marks omitted]). The rule bars a police officer's or a firefighter's recovery " 'when the performance of his or her duties increased

the risk of the injury happening, and did not merely furnish the occasion for the injury' " (*id.* at 194-195, quoting *Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 436 [1995]).

In *Zanghi,* the Court of Appeals explained the application of the firefighter rule:

> "[W]here some act taken in furtherance of a specific police or firefighting function exposed the officer to a heightened risk of sustaining the particular injury, he or she may not recover damages for common-law negligence. By contrast, a common-law negligence claim may proceed where an officer is injured in the line of duty merely because he or she happened to be present in a given location, but was not engaged in any specific duty that increased the risk of receiving that injury. For example, if a police officer who is simply walking on foot patrol is injured by a flower pot that fortuitously falls from an apartment window, the officer can recover damages because nothing in the acts undertaken in the performance of police duties placed him or her at increased risk for that accident to happen. On the other hand, if an officer is injured by a suspect who struggles to avoid an arrest, the rule precludes recovery in tort because the officer is specially trained and compensated to confront such dangers" (*id.* at 439-440).

In *Wadler v City of New York* (14 NY3d at 196), the Court of Appeals applied the principles enunciated in *Zanghi* to conclude that the firefighter rule barred a police officer's common-law negligence cause of action. In *Wadler,* the police officer was injured by a concrete, security barrier-gate in a police parking lot. The gate had been lowered to permit the officer to pass, but while the officer was driving his vehicle over the gate, the gate was raised, lifting the car into the air, resulting in injuries to the officer. In holding that the firefighter rule applied, the Court of Appeals stated that the:

> "high-security device protecting the police headquarters parking lot—was plainly a risk associated with the particular dangers inherent in police work. Ordinary civilians may encounter such devices, but police officers, whose duties may include working in secure areas that are at risk of a terrorist attack, are far more likely to do so. An act taken in furtherance of a specific police function—entry into a

protected parking lot, which only plaintiff's police credentials allowed him to enter—exposed plaintiff to the risk of this injury" (*Wadler v City of New York*, 14 NY3d at 196 [internal quotation marks omitted]).

Although the Court of Appeals noted that the application of the firefighter rule has been somewhat difficult in other cases, it determined that the application of the rule was straightforward in the case before it (*see id.* at 195-196).

In *Carro v City of New York* (89 AD3d 1049 [2011]), we addressed a set of facts that were similar to those that are presented herein. In *Carro*, a police officer allegedly was injured when she fell off the back of a flatbed truck while loading wooden police barriers. In granting the motion of the defendant City of New York for summary judgment dismissing the common-law negligence cause of action, we stated: "the plaintiffs' cause of action alleging common-law negligence was barred by the so-called 'firefighter's rule,' as the City established that the plaintiff's acts were taken in furtherance of a specific police function which exposed her to the risk of the injury she ultimately sustained" (*id.* at 1050).

Here, the evidence submitted by the defendants in support of their motion established, prima facie, their entitlement to judgment as a matter of law dismissing the common-law negligence cause of action as barred by the firefighter rule. In this case, as in *Carro* and *Wadler*, the plaintiff's cause of action alleging common-law negligence is barred because the injury sustained was directly related to the particular risks and dangers which she was expected to assume as part of her duties as a police officer assigned to barrier truck detail (*see e.g. Norman v City of New York*, 60 AD3d 830, 831 [2009] [police officer injured during police physical fitness examination; rule applied]; *Simons v City of New York*, 252 AD2d 451 [1998] [police officer escorting complainant tripped over depression in roadbed; rule applied]; *Poveromo v Avis Rent-A-Car Sys.*, 242 AD2d 467 [1997] [police officer injured in police car that went over a metal bumper; rule applied]). While loading a flatbed truck may not be a task that is typically associated with police work, the alleged accident occurred while the plaintiff was on a police vehicle, loading police barriers, and while she was assigned to the barrier truck detail, a location and job detail to which she was exposed solely as a result of her duties as a police officer (*see Wadler v City of New York*, 14 NY3d at 196). In opposition to

the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

General Municipal Law § 205-e

We now turn to the plaintiff's cause of action pursuant to General Municipal Law § 205-e. As observed by the Court of Appeals, the legislature has, on several occasions, "sought to ameliorate the harsh effects of the [firefighter] rule" (*Giuffrida v Citibank Corp.*, 100 NY2d 72, 77 [2003]). To that end, in 1935, the legislature first enacted General Municipal Law § 205-a, which created a cause of action for firefighters who, while in the line of duty, are injured as a result of violations of statutes or regulations (*see* General Municipal Law § 205-a; L 1935, ch 800, § 2; L 1936, ch 251, § 1). In 1989, the legislature enacted General Municipal Law § 205-e in direct response to *Santangelo v State of New York* (71 NY2d 393 [1988]), which, as discussed above, had extended the firefighter rule to police officers (*see Giuffrida v Citibank Corp.*, 100 NY2d at 79; *Williams v City of New York*, 2 NY3d 352, 363 [2004]; *see also* General Obligations Law § 11-106; L 1989, ch 346).

General Municipal Law § 205-e permits a police officer to assert a tort claim against a fellow officer or an employer. To establish a cause of action under General Municipal Law § 205-e, a plaintiff must " '[1] identify the statute or ordinance with which the defendant failed to comply, [2] describe the manner in which the [police officer] was injured, and [3] set forth those facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm' " (*Williams v City of New York*, 2 NY3d at 363, quoting *Giuffrida v Citibank Corp.*, 100 NY2d at 79).

General Municipal Law § 205-e (1) creates a cause of action where a police officer is injured by another's failure "to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments or of any and all their departments, divisions and bureaus." While this quoted language is expansive, the Court of Appeals has explained that "the statute cannot 'reasonably be applied literally in accordance with its broad language' " (*Galapo v City of New York*, 95 NY2d 568, 574 [2000], quoting *Desmond v City of New York*, 88 NY2d 455, 463 [1996]; *see Kenavan v City of New York*, 70 NY2d 558, 565-567 [1987]). Consequently, as a prerequisite to recovery pursuant to a General Municipal Law § 205-e cause of action, "a police offi-

cer must demonstrate injury resulting from negligent noncompliance with a requirement found in a well-developed body of law and regulation that imposes clear duties" (*Galapo v City of New York*, 95 NY2d at 574 [internal quotation marks omitted]; *see Williams v City of New York*, 2 NY3d at 364; *Gonzalez v Iocovello*, 93 NY2d at 550).

Our courts have permitted plaintiffs to utilize various statutes, which provide for general duties of care, to serve as valid predicates for a police officer's General Municipal Law § 205-e claim (*see e.g. Gonzalez v Iocovello*, 93 NY2d at 551-552 [holding that a section 205-e claim by a police officer may be predicated upon a fellow officer's violation of Vehicle and Traffic Law § 1104 (e), which provides that a driver of an authorized emergency vehicle is under a duty to drive with due regard for the safety of all persons, or upon a violation of New York City Charter § 2903 (b) (2), which provides, inter alia, that the Commissioner of the New York City Department of Transportation shall have charge and control of repairing public roads and streets]; *Hayes v City of New York*, 264 AD2d 610 [1999] [holding that the duty imposed upon building owners to keep buildings in good repair pursuant to Multiple Dwelling Law § 78 was a valid predicate for section 205-e liability]; *cf. Rabinowitz v City of New York*, 286 AD2d 724, 725 [2001] [holding that Administrative Code of City of NY § 16-118, a sanitation regulation, entitled "Littering prohibited," was an insufficient predicate for recovery under section 205-e]).

In the case before us, the plaintiff primarily seeks to predicate her General Municipal Law § 205-e cause of action on Labor Law § 27-a (3) (a) (1). Labor Law § 27-a, known as the Public Employee Safety and Health Act (hereinafter PESHA), was enacted "to provide individuals working in the public sector with the same or greater workplace protections provided to employees in the private sector under [the Occupational Safety and Health Act]" (*Williams v City of New York*, 2 NY3d at 367 [internal quotation marks omitted]). Labor Law § 27-a (3) (a) states:

> "Every employer shall: (1) furnish to each of its employees, employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to its employees and which will provide reasonable and adequate protection to the lives, safety or health of its employees."

Notably, in implementing standards for Labor Law § 27-a or PESHA, New York has adopted the workplace safety standards promulgated under the Occupational Safety and Health Act (29 USC § 651 *et seq.*; hereinafter OSHA) (*see Williams v City of New York*, 2 NY3d at 367; 12 NYCRR 800.3).

In *Williams*, the Court of Appeals addressed, inter alia, the issue of whether the plaintiffs established claims under section 205-e premised upon an alleged violation of Labor Law § 27-a (3) (a) (1). In *Williams*, as pertinent here, two New York City Police detectives, in the course of their duties, were killed when a prisoner they were transporting shot them with a service revolver that he had obtained from a detective's locker while being detained in a Detective Squad locker room (*see id.* at 361-362). The decedents' survivors commenced an action against the City of New York to recover damages, inter alia, pursuant to General Municipal Law § 205-e. The jury returned a verdict finding the City liable based on, among other things, a violation of Labor Law § 27-a. On appeal, this Court reversed the denial of the City's motion to set aside the jury verdict, finding that the jury was improperly permitted to predicate the City's liability on Labor Law § 27-a (*see Williams v City of New York*, 304 AD2d 562 [2003], *affd* 2 NY3d 352 [2004]). The Court of Appeals affirmed, stating that Labor Law § 27-a "does not cover the special risks faced by police officers because of the nature of police work" (*Williams v City of New York*, 2 NY3d at 368). The Court added that in such incidents involving the use and storage of weapons and ammunition, the level of security provided when prisoners are transported, and the conditions under which prisoners should be detained, it was "highly unlikely that the Legislature intended the general language of section 27-a to authorize Department of Labor inspectors enforcing PESHA to second-guess the decisions of police supervisors" (*id.*).

The Court of Appeals noted that this Court's decision in *Balsamo v City of New York* (287 AD2d 22 [2001] [deciding, as a matter of first impression, that a violation of Labor Law § 27-a constituted a sufficient predicate for a section 205-e cause of action]) was not to the contrary (*see Williams v City of New York*, 2 NY3d at 368). In *Balsamo*, a police officer riding in a patrol car was injured in an automobile accident when his left knee allegedly came into contact with a sharp protruding edge of an unpadded computer console mounted on the automobile's floor. The Court of Appeals in *Williams* stated that "under the facts in *Balsamo*, section 27-a applies because PESHA is designed to

prevent the type of occupational injury that occurred when the officer was given an improperly equipped vehicle" and that the officer's injury "did not arise from risks unique to police work" (*Williams v City of New York*, 2 NY3d at 368).

Following the decisions in *Williams* and *Balsamo,* this Court has held "that an alleged violation of Labor Law § 27-a may serve as a predicate to a cause of action pursuant to General Municipal Law § 205-e" (*Koenig v Action Target, Inc.*, 76 AD3d 997, 997 [2010]; *see Norman v City of New York*, 60 AD3d 830, 832 [2009]; *Campbell v City of New York*, 31 AD3d 594 [2006] [affirming, on an appeal after a jury verdict, a judgment in favor of the plaintiff police officer awarding damages under General Municipal Law § 205-e, predicated upon Labor Law § 27-a, since the officer's fall from his horse presented a recognized hazard]; *cf. Link v City of New York*, 34 AD3d 757 [2006] [granting the defendant City's motion to dismiss section 205-e cause of action where, as revealed by the briefs, a police officer assigned to crowd control during a high publicity funeral was struck in the forehead by a bottle]).

Despite the fact that this Court has recognized instances in which the "general duty" clause of Labor Law § 27-a (3) (a) (1) may appropriately serve as a statutory predicate for a section 205-e cause of action, the defendants nevertheless urge us to flatly hold that it cannot do so because the Court of Appeals has not authorized its use for that purpose. In support of their position, the defendants note that in *Williams*, the Court of Appeals observed that the defendant City had waived its contention that the "general duty" clause in Labor Law § 27-a (3) (a) (1) was not a proper predicate under General Municipal Law § 205-e (*see Williams v City of New York*, 2 NY3d at 365 n 3). The defendants seize upon this footnote to support their contention that their specific claim has yet to be addressed by the Court of Appeals. In addition, the defendants argue that Labor Law § 27-a may not serve as a predicate to a cause of action pursuant to General Municipal Law § 205-e because Labor Law § 27-a was not intended to establish a private right of action relating to workplace hazards.

We agree with the defendants that the Court of Appeals has not yet addressed their specific contention that the general duty clause in Labor Law § 27-a (3) (a) (1) is not a proper predicate under General Municipal Law § 205-e. For the reasons discussed below, we reject the defendants' contentions.

As the defendants point out, Labor Law § 27-a (3) (a) (1) does not provide an injured worker with a private right of action

based upon an alleged violation of its provisions. However, the plaintiff has not asserted a cause of action to recover damages for a Labor Law § 27-a (3) (a) (1) violation. Rather, the plaintiff has alleged that the defendants' Labor Law § 27-a (3) (a) (1) violation is a predicate for her General Municipal Law § 205-e cause of action. Section 205-e does not stand alone and must be predicated on a violation of a separate legal requirement. Further, the Court of Appeals, in addressing the various amendments to General Municipal Law § 205-e, has stated "that we should apply this provision 'expansively' so as to favor recovery by police officers whenever possible" (*Williams v City of New York*, 2 NY3d at 364, citing *Gonzalez v Iocovello*, 93 NY2d at 548; *see also* L 1996, ch 703, § 1 ["This act is intended to ensure once and for all that section 205-e of the general municipal law is applied by the courts in accordance with its original legislative intent to offer an umbrella of protection for police officers, who, in the course of their many and varied duties, are injured by the negligence of anyone who violates any relevant statute, ordinance, code, rule and/or regulation"]).

A statute can serve as a predicate for a cause of action under General Municipal Law § 205-e when it contains "*either* a particularized mandate *or* a clear legal duty" (*Gonzalez v Iocovello*, 93 NY2d at 551). While Labor Law § 27-a imposes a general duty of care, that duty is nonetheless clear, as it requires public employers to provide their employees with a work area that is free from recognized hazards that are causing or are likely to cause death or serious physical harm to their employees (*see* Labor Law § 27-a [3] [a] [1]). A violation of section 27-a (3) (a) (1) may be proved to a trier of fact with, for example, proof of violations of industry-wide standards or accepted practices in the field (*see generally Burke v Canyon Rd. Rest.*, 60 AD3d 558, 559 [2009] [requiring evidence of violations of industry-wide standards or accepted practices in the field to establish a violation of former section 27-127 of the Administrative Code, which provided, inter alia, that all buildings and all parts thereof must be maintained in "a safe condition"]). Since section 27-a provides an objective standard by which the actions or omissions of a public employer, such as the City, can be measured for purposes of liability, Labor Law § 27-a (3) (a) (1) can serve as a predicate for a section 205-e claim.

Further, we reject the defendants' contention that allowing the plaintiff to predicate her section 205-e cause of action upon a violation of Labor Law § 27-a would improperly accord police

officers greater rights than those accorded to other employees. In support of this contention, the defendants rely upon *Galapo v City of New York* (95 NY2d 568 [2000]). However, that reliance is misplaced.

In *Galapo*, the plaintiffs, the widow and children of a deceased police officer, predicated their section 205-e cause of action upon an alleged violation of the New York City Police Department Patrol Guide (hereinafter the Patrol Guide; *see id.* at 572). The Court of Appeals determined that the Patrol Guide was not part of a duly enacted body of law or regulation that could serve as a predicate to civil liability under General Municipal Law § 205-e (*see id.* at 574). Moreover, the Court held that to permit a violation of the Patrol Guide to serve as a predicate for civil liability under section 205-e would "operate as a powerful disincentive to the adoption of internal rules, which authorize the police department to discipline officers even before conduct might become actionable by members of the general public" (*id.* at 575). The Court stated:

> "The overriding purpose behind adoption of General Municipal Law § 205-e was to ameliorate the effect of the common-law rule that *disadvantaged* police officers who, unlike members of the general public, were barred from recovery for injuries resulting from risks inherent in their job. The statute, was not, however, intended to give police officers *greater* rights and remedies than those available to the general public" (*Galapo v City of New York*, 95 NY2d at 575).

We do not subscribe to the defendants' claim that the above-quoted language bars the plaintiff from predicating her General Municipal Law § 205-e cause of action on Labor Law § 27-a (3) (a) (1). Rather, this language merely shows that the Court, after determining that the Patrol Guide was not a duly enacted body of law or regulation, observed that it would be contrary to the history and purpose of section 205-e to allow a police officer to recover damages based upon conduct that violates the Patrol Guide, but was not actionable by members of the general public. By contrast, Labor Law § 27-a (3) (a) (1) is a duly enacted statute which imposes a clear legal duty on all public employers to protect their employees from recognized hazards likely to cause serious physical injury and to reasonably and adequately protect the safety of those employees.

We note that a plaintiff may support a cause of action to recover damages for negligence with an alleged violation of a

regulation promulgated pursuant to OSHA (*see e.g. Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d 47, 51-52 [2011]; *Murdoch v Niagara Falls Bridge Commn.*, 81 AD3d 1456, 1457-1458 [2011]; *Cruz v Long Is. R.R. Co.*, 22 AD3d 451, 453-454 [2005]; PJI 2:29). In implementing standards for PESHA, New York has adopted the workplace safety standards of OSHA (*see* Labor Law § 27-a [4] [a] [providing that the Commissioner of Labor is required to adopt all safety and health standards promulgated under OSHA]; *Williams v City of New York*, 2 NY3d at 367; 12 NYCRR 800.3). Indeed, Labor Law § 27-a was enacted to provide public sector employees with the same or greater workplace protections provided to private sector employees under OSHA (*see Williams v City of New York*, 2 NY3d at 367-368; *Hartnett v New York City Tr. Auth.*, 86 NY2d 438, 442-443 [1995]). Furthermore, our courts have held that a violation of regulations promulgated pursuant to OSHA can serve as a predicate to a cause of action pursuant to General Municipal Law § 205-a, the firefighter analog, because such regulations "are part of a well developed body of law and regulation and they impose a clear legal duty" (*McGovern v City of New York*, 294 AD2d 148, 149 [2002]; *see Wozniak v City of New York*, 35 Misc 3d 1242[A], 2012 NY Slip Op 51108[U] [Sup Ct, NY County 2012]). Since sections 205-a and 205-e "should be construed and applied in the same way" (*Desmond v City of New York*, 88 NY2d 455, 463 [1996]), it then follows that it is permissible for a violation of PESHA to serve as predicate for a police officer's cause of action to recover damages pursuant to section 205-e.

■ We conclude that Labor Law § 27-a is applicable to the type of defects that are alleged to have caused the plaintiff's accident in this case. The injury sustained by the plaintiff, which allegedly was caused by defects in the NYPD's flatbed truck, is akin to the occupational injury sustained by the police officer in *Balsamo*, and not to the fatal shooting committed by a prisoner against the police detectives in *Williams*. Unlike the conditions that caused the death of the police officers in *Williams*, the conditions that allegedly caused the plaintiff to fall from the truck in this case "did not arise from risks unique to police work" (*Williams v City of New York*, 2 NY3d at 368). Rather, like the unpadded computer console in *Balsamo*, the lack of a rear railing on the flatbed truck and the failure to use a longer truck to transport the barriers are the kinds of occupational hazards that PESHA was designed to redress. Indeed, we find it likely that the legislature deemed it appropriate for the New

York State Department of Labor to determine whether public employers, such as the NYPD, follow appropriate safety protocols when public workers unload barriers from flatbed trucks (cf. *Williams v City of New York*, 2 NY3d at 368).

In the alternative, the defendants contend that, assuming Labor Law § 27-a (3) (a) (1) is a proper predicate for a section 205-e cause of action, falling off of a flatbed truck is not a "recognized hazard" within the meaning of that statute. However, in support of their motion for summary judgment, the defendants failed to submit any evidence on the issue of whether the plaintiff's accident was the result of a "recognized hazard" within the meaning of Labor Law § 27-a (3) (a) (1). In *Carro v City of New York* (89 AD3d at 1050), unlike the instant case, the City made a prima facie showing that the plaintiff's accident was not the result of a "recognized hazard," through the submission of evidentiary proof. To the extent that the defendants assert that the plaintiff did not establish that her work on the flatbed truck presented a recognized hazard, that contention is without merit, as the defendants cannot satisfy their initial burden as the movants by merely pointing to gaps in the plaintiff's case (see *Johnson v Culinary Inst. of Am.*, 95 AD3d 1077, 1078 [2012]; *McPhaul v Mutual of Am. Life Ins. Co.*, 81 AD3d 609, 610 [2011]).

Finally, we decline to search the record (see CPLR 3212 [b]; *Dunham v Hilco Constr. Co.*, 89 NY2d 425 [1996]) and award the plaintiff summary judgment on the issue of liability on the General Municipal Law § 205-e cause of action.

Accordingly, the order is affirmed.

SKELOS, J.P., ROMAN and MILLER, JJ., concur.

Ordered that the order is affirmed, without costs or disbursements.