■ BRENDERLINE BLAKE, Respondent, v CITY OF NEW YORK, Appellant. [971 NYS2d 4]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated October 26, 2011, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the cause of action pursuant to General Municipal Law § 205-e as was predicated upon a violation of Labor Law § 27-a (3) (a) (1).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the cause of action pursuant to General Municipal Law § 205-e as was predicated upon a violation of Labor Law § 27-a (3) (a) (1) is granted.

This action arises out of an incident which occurred on June 26, 2010, on the southbound platform of the Marcy Avenue subway station in Brooklyn. At that time, the plaintiff, a police officer employed by the New York City Police Department (hereinafter the NYPD), was injured in an altercation with a female suspect. The plaintiff attempted to subdue the suspect by spraying her with Mace, but the cannister failed to work, thereby allowing the suspect to attack and injure the plaintiff. The cannister of Mace had been issued to the plaintiff by the NYPD. The plaintiff commenced the instant action against the City, asserting, in her second cause of action, a claim pursuant to General Municipal Law § 205-e predicated upon, inter alia, a violation of Labor Law § 27-a (3) (a) (1).

The Supreme Court erred in denying that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action pursuant to General Municipal Law § 205-e insofar as it was predicated upon a violation of Labor Law § 27-a (3) (a) (1),which requires every employer to furnish its employees with a type of employment and a place of employment that are "free from recognized hazards" that cause or are likely to cause death or serious physical harm to those employees. Although Labor Law § 27-a (3) may serve as a proper predicate for a cause of action alleging a violation of General Municipal Law § 205-e (see Gammons v City of New York, 109 AD3d 189 [2013]; Campbell v City of New York, 31 AD3d 594 [2006]; Balsamo v City of New York, 287 AD2d 22 [2001]), the plaintiff failed to allege that her injuries resulted from a "recognized hazard[ ]" within the meaning of the Labor Law (Labor Law § 27-a [3] [a] [1]; see Link v City of New York, 34 AD3d 757 [2006]; see also Carro v City of New York, 89 AD3d 1049 [2011]; Alexander v City of New York, 82 AD3d 1022, 1024 [2011]; Norman v City of New York, 60 AD3d 830 [2009]; cf. Gammons v City of New York, 109 AD3d 189 [2013]). Mastro, J.P., Dickerson, Lott and Austin, JJ., concur.